## STATE v DURBIN

Ohio Appeals, 3rd Dist, Crawford Co

No 1356.   Decided Oct 29, 1935.

J. D. Sears, Bucyrus, for plaintiff in error.
W. J. Schwenck, Bucyrus, and Fred W. Warner, Marion, for defendant in error.

## OPINION

By THE COURT

On this state of facts the main question that arises is as to the authority of J. D. Sears to act as special prosecuting attorney on the hearing of said motion to enter a nolle prosequi of said indictment in the Common Pleas Court, and as to his authority to prosecute error on behalf of the State of Ohio from the order granting said motion.

Sec 2912, GC, provides for filling a vacancy in the office of the prosecuting attorney in case of sickness or disability. §2412, GC, provides for the employment of temporary legal counsel to assist the prosecuting attorney. §13439-15, GC, provides for the appointment of an assistant to the prosecuting attorney in the trial of a pending case, where the court is of the opinion that the public interest requires it. None of the sections referred to makes provision for the appointment of a special prosecuting attorney to act in place of the prosecuting attorney when the prosecuting attorney may be disqualified by reason of the fact of either his previous or contemporaneous representation of a defendant against whom an indictment is pending in the court of Common Pleas of the county for which he is prosecuting attorney, and consequently the authority for such appointment rests in the inherent powers of the court.

In the case of **State ex Henderson, 123 Oh St 474,** it is held that the Court of Common Pleas has inherent power to appoint a special prosecuting attorney under circumstances similar to the circumstances mentioned. But it is further held that unless such appointment is made after notice to the prosecuting attorney and after giving him an opportunity to be heard, such appointment is wholly void. In the case at bar, as shown by the record, the prosecuting attorney was neither notified nor given opportunity to be heard at the time such appointment was made and the appointment of the special prosecutor was therefore void insofar as it purports to be an appointment of a special prosecutor to the exclusion of the prosecuting attorney. The appointment, if effective, operated only as an appointment of an attorney to assist the prosecuting attorney, under the provisions of §13439-15 GC. As the only power that could be conferred on Sears by such appointment was power to assist Schwenck as prosecuting attorney, such appointment did not in any way exclude Schwenck as prosecuting attorney from exercising his full statutory power and he was not in any manner superceded by nor displaced by such appointee.

Under the provisions of §13437-32 GC, the power of a prosecuting attorney to enter a nolle prosequi is limited only by the provision that such nolle prosequi shall not be entered without leave of court, on good cause shown, in open court. This being the case, the Common Pleas Court had jurisdiction to entertain the motion of Schwenck as prosecuting attorney to enter a nolle prosequi in said cause, and to grant said motion. And as Sears at the most had authority only to assist the prosecutor in said cause, he was wholly without authority to act on behalf of the State in opposing the granting of the motion made by the prosecuting attorney on behalf of the State to enter a nolle prosequi of said indictment, or to prosecute error from the order granting the same. The petition in error will therefore be dismissed at costs of plaintiff in error.

KLINGER and GUERNSEY, JJ, concur, CROW, J, concurs in the judgment of affirmance.

## CONCURRING OPINION

By CROW, J.

It is most unusual for a record to affirmatively show absence of error, but such is the one before us. The motion for a nolle prosequi of the indictment was submitted to and decided by the judge who presided at the trial and heard and decided Durbin's motion for a new trial on the ground that the verdict was not sustained by sufficient evidence.

The bill of exceptions shows the following occurrence during the hearing of the motion to nol pros: At page 10 the trial judge said:

"I have stated in detail, I think, and lengthwise my conclusion on the motion for a new trial in this case. I didn't believe the evidence sufficient to support the verdict against the defendant. I believe the case was ably prosecuted and exhaustively prosecuted, so far as the evidence is concerned. Consequently I can not see that there could be a different conclusion reached in another trial. If the State of Ohio is interested in punishing the guilty party in connection with this offense, it seems to me that that party is now known. At any rate, the evidence in this case pointed with unusual clearness as to who he was and if the county wishes to prosecute the case, it ought to do it in a manner that would accomplish the desired result from the prosecution's standpoint of guilt of the party who committed the offense. I do not believe that the evidence showed that that was the defendant in this case. I think that the evidence did show who the party was and under all the circumstances then, the court is of the opinion that no good purpose could be served to the citizens of this county to incur further expense in connection with this particular case."

At pages 1 and 2, Mr. Schwenck the prosecuting attorney, when stating the case in behalf of the motion to nol pros, asserted that Mr. Sears the special prosecuting attorney had filed in the Supreme Court a brief wherein he declared that a conviction can never again be had in this case, which brief was in support of the motion made in that court by Mr. Sears as special prosecuting attorney to certify the record of this court affirming the granting of Durbin's motion for a new trial. Mr. Sears did not deny that assertion.

It is therefore, in my opinion, both unnecessary and inappropriate to either decide or discuss the question whether the appointment of Mr. Sears as special prosecuting attorney was valid, void or voidable, or any feature in relation thereto.