THE STATE OF OHIO, APPELLEE, *v.* BUNYAN, APPELLANT.

(No. 2-86-22—Decided July 21, 1988.)

*Mark E. Spees,* prosecuting attorney, for appellee.

*John A. Poppe,* for appellant.

MILLER, J. This is an appeal by defendant, John Bunyan, from a conviction and sentence entered by the Court of Common Pleas of Auglaize County.

On February 7, 1986, defendant was stopped by employees of a supermarket for shoplifting. The employees notified the Auglaize County Sheriff's Department and a deputy arrived and questioned defendant. When the defendant indicated that he did not want to make a statement, but wanted to speak with his attorney, the deputy ended the questioning and defendant was permitted to leave.

The prosecuting attorney, feeling that conflict of interest was present, together with the county commissioners and sheriff, moved the Court of Common Pleas of Auglaize County to appoint a special prosecutor to assist in the investigation and possible prosecution of defendant.

The defendant was indicted on March 7, 1986 for five counts of shoplifting, the indictment being signed by a special prosecuting attorney. On March 7, 1986, defendant was served with a summons and ordered to appear to answer the indictment. On March 11, 1986, a bench warrant was issued by the Court of Common Pleas of Auglaize County for the defendant's arrest for failure to appear as directed. On March 21, 1986, defendant filed a motion for determination of the status of the special prosecutor and for dismissal. On April 3, 1986, a second indictment was returned against defendant. This indictment was signed by the prosecuting attorney and the special assistant prosecuting attorney. On April 14, 1986, the Court of Common Pleas of Auglaize County dismissed the first indictment and transferred the second case to the Municipal Court of Auglaize County. On May 2, 1986, the defendant moved to dismiss and, on July 11, 1986, the second indictment was dismissed by the municipal court with defendant discharged and released from bond. On August 14, 1986, a third indictment was filed and signed by the special prosecuting attorney, and defendant was served with summons ordering him to appear and answer to the third indictment. On August 21, 1986, defendant filed a motion to dismiss for improper appointment of a special prosecutor and for lack of a speedy trial, which the trial court overruled on September 4, 1986. On September 12, 1986, defendant moved for a continuance and thereafter on September 22, 1986, entered a plea of no contest, was found guilty and sentenced.

Defendant appeals, setting forth two assignments of error which we shall consider in the opposite order of that set forth by defendant.

Assignment of error number two states:

"The trial court erred in not dismissing the indictment for the reason that it was not signed by the prosecutor or by an assistant in the name of the prosecutor, and the grand jury proceedings were conducted by a person not properly appointed a special prosecutor."

R.C. 2941.63 provides:

"The court of common pleas, or the court of appeals, whenever it is of the opinion that the public interest requires it, may appoint an attorney to assist the prosecuting attorney in the trial of a case pending in such court. The board of county commissioners shall pay said assistant to the pro-

secuting attorney such compensation for his services as the court approves."

In *State, ex rel. Williams,* v. *Zaleski* (1984), 12 Ohio St. 3d 109, 12 OBR 153, 465 N.E. 2d 861, the Supreme Court stated at 112, 12 OBR at 155-156, 465 N.E. 2d at 864:

"R.C. 2941.63 vests the court of common pleas with broad discretion in appointing prosecutorial counsel in criminal matters. * * * "

In *State, ex rel. Thomas,* v. *Henderson* (1931), 123 Ohio St. 474, 175 N.E. 865, the court indicated that a court of common pleas possesses inherent power to appoint counsel to assist a grand jury in criminal matters. The court further noted that a proper exercise of that power would be in situations where neither the prosecuting attorney nor his appointed assistants could perform necessary prosecutorial duties. See *Henderson, supra,* at 479 and 480, 175 N.E. at 867.

The court in *Henderson, supra,* also stated at 479-480, 175 N.E. at 867:

"One may easily conceive of a variety of illustrations under which the prosecuting attorney would be embarrassed, and the performance of his duties rendered difficult, and no statutory provision has been made for such cases. Manifestly the appointment of an assistant under the direction of the prosecutor would not obviate the difficulty. One may also conceive circumstances like those presented in this case, which, by reason of the prosecutor himself being under investigation, make it impossible that either he or any assistant under his direction should act."

In *State* v. *Durbin* (App. 1935), 20 Ohio Law Abs. 299, 301, this court recognized the "inherent power" of a court of common pleas to "appoint a special prosecuting attorney," but determined in that case that such an appointment was void for lack of notice to the duly elected prosecutor. Here, the appointment was made on the application of the duly elected prosecuting attorney.

In this case, the duly elected prosecutor felt unable to carry out his prosecutorial duties against the defendant because of his previous dealings with defendant, who was a police officer with the Wapakoneta Police Department. Such a conflict of interest creates a situation where, under R.C. 2941.63, it would be in the public interest to allow the court of common pleas to utilize its broad discretion and appoint a "special" prosecutor to represent the state.

We conclude that the court of common pleas possessed the inherent power to appoint a special prosecutor to perform the duties of the elected prosecuting attorney who felt unable to perform because of a conflict of interest.

Section 10, Article I of the Ohio Constitution states that "* * * no person shall be held to answer for a * * * crime, unless on presentment or indictment of a grand jury * * *."

Nowhere in that section is there a requirement as to the manner in which, or by whom, an indictment will be signed.

However, defendant argues that provisions of Crim. R. 7(B) render the indictment void.

Crim. R. 7(B) in pertinent part states:

"The indictment or the information shall be signed by the prosecuting attorney or signed in his name by an assistant prosecuting attorney, and shall contain a statement that the accused has committed some public offense therein specified. * * *"

However, R.C. 2941.08 states as pertinent:

"An indictment * * * is not made invalid, and the trial, judgment, or other proceedings stayed, arrested, or affected:

"* * *

"(K) For other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits."

In *State* v. *Sabbah* (1982), 13 Ohio App. 3d 124, 13 OBR 155, 468 N.E. 2d 718, wherein the indictment was signed by an assistant and not "by the prosecutor or in his name," the court stated at 137, 13 OBR at 169, 468 N.E. 2d at 732:

"* * * If the signature on the indictment could reasonably be said to carry the imprimatur of the county prosecutor, then the mere absence of *his* signature did not violate any of appellant's constitutional rights or otherwise infringe upon any of his substantial rights on the merits of this case. *State* v. *Stone* (1971), 30 Ohio App. 2d 49, 55-56 [59 O.O. 2d 115]; *State* v. *Turpin* (1969), 19 Ohio App. 2d 116, 122 [48 O.O. 2d 236]; *State* v. *Whitt* (1964), 3 Ohio App. 2d 278, 282 [32 O.O. 2d 382] * * *." (Emphasis *sic*.)

Further, the court in *State* v. *Ewing* (1983), 9 Ohio App. 3d 285, 9 OBR 500, 459 N.E. 2d 1297, held that when there was a failure of the prosecuting attorney or assistant prosecuting attorney to sign an indictment in accordance with Crim. R. 7(B), the indictment was valid provided there was no indication in the record that the defendant's substantial rights were prejudiced, and the indictment was sufficient to inform defendant of the charges against him. Therefore, the requirement of the prosecutor's or assistant prosecutor's signature on an indictment appears to be directory, and not mandatory. There is no indication in the record here that defendant's substantial rights were prejudiced by the signature of the special prosecutor on the indictments.

Assignment of error number two is not well-taken.

Assignment of error number one states:

"The trial court erred to the prejudice of the defendant by not dismissing a case upon the defendant's motion claiming denial of a speedy trial."

R.C. 2945.71(B) states in pertinent part:

"A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

R.C. 2945.72 states in pertinent part:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * *

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]"

In *State* v. *Bickerstaff* (1984), 10 Ohio St. 3d 62, 10 OBR 352, 461 N.E. 2d 892, the Supreme Court stated at 67, 10 OBR at 356, 461 N.E. 2d at 896:

"R.C. 2945.72 allows certain well-defined extensions of time in calculating the speedy trial requirement of R.C. 2945.71. * * *

"It is evident from a reading of the statute that a motion to dismiss acts to toll the time in which a defendant must be brought to trial. * * *"

In *State* v. *Stephens* (1977), 52 Ohio App. 2d 361, 6 O.O. 3d 404, 370 N.E. 2d 759, the court stated at 371, 6 O.O. 3d at 409-410, 370 N.E. 2d at 766:

"* * * [T]his court concludes that

the proper method of computing time under R.C. 2945.71 is to include time pending trial under original indictment where a *nolle prosequi* has been entered on the original indictment or dismissed through fault of the prosecution. If the defendant is released without bail upon a dismissal of the original indictment, the defendant is not entitled to have time between the dismissal and the reindictment included under R.C. 2945.71, because during such period no charge is pending. * * *"

In this case, the defendant contends that his motions for dismissal and the subsequent dismissal of the case were based on the state's improper appointment of a 'special' prosecutor and the subsequent issuance of a void indictment. We have, however, resolved those issues against defendant under assignment of error number two above.

Thus, a proper method of computing time herein would be to include, first, the time between March 7, 1986, the date of the first indictment and service of summons thereon, and March 21, 1986, the date the defendant filed his motion to dismiss. The second time period to be included would be from April 3, 1986, the date the second indictment and summons issued thereon until May 2, 1986, the date the defendant filed his second motion to dismiss. The next time period would include the time between August 14, 1986, the date the third indictment was filed and service of summons was issued thereon, and August 21, 1986, the date the defendant filed a motion to dismiss the third indictment. The final time period to be included would be from September 4, 1986, the date the trial court overruled defendant's motion for dismissal and September 12, the date the defendant filed a motion to continue which, combined, totals fifty-nine days.

The first assignment of error is overruled.

Finding no error of the trial court prejudicial to defendant, we affirm that court's judgment.

*Judgment affirmed.*

COLE and SHAW, JJ., concur.