The STATE of Ohio, Appellee,

v.

ORRILL, Appellant.

[Cite as *State v. Orrill* (1990), 66 Ohio App.3d 259.]

Court of Appeals of Ohio,
Clark County.

No. 2640.

Decided March 7, 1990.

*Lori J. Collins*, City Prosecutor, for appellee.
*James D. Marshall*, Clark County Public Defender's Office, for appellant.

FAIN, Judge.

Defendant-appellant, Richard T. Orrill, appeals from his conviction and sentence for DUI. Orrill asserts that the trial court should have granted his motion to dismiss the charges against him for failure to bring him to trial within the time prescribed by R.C. 2945.71. We agree with Orrill. Accordingly, the judgment of the trial court will be reversed, and Orrill will be ordered discharged.

## I

On May 19, 1989, Orrill was arrested, incarcerated, and charged with DUI, driving under a license suspension, and failure to drive within marked lanes. The same day, he pled not guilty, and bond was set at $2,100 cash. Orrill did not post bond, but remained incarcerated.

On May 25, 1989, the charges against Orrill were assigned a trial date of June 14, 1989.

Because Orrill was incarcerated, the state had thirty days within which to bring Orrill to trial, or until June 19, 1989.

On June 14, 1989, the trial court rescheduled Orrill's trial to July 6, 1989.

On June 20, 1989, the day after the last day within which Orrill could have been brought to trial within the time prescribed by R.C. 2945.71(B), Orrill moved to dismiss the charges against him on the ground that his statutory right to a speedy trial had been violated. The trial court denied Orrill's motion, whereupon Orrill pled no contest to the DUI charge, and the other two charges were dismissed. Orrill was found guilty of DUI, and sentenced accordingly. From his conviction and sentence, Orrill appeals.

## II

Orrill's sole assignment of error is as follows:

"The court erred to defendant-appellant's prejudice by denying defendant-appellant's motion to dismiss."

Orrill simply contends that the charges against him should have been dismissed pursuant to R.C. 2945.73(B), for the reason that he was not brought to trial within the statutory time limit. The state contends that the statutory time limit may be extended pursuant to R.C. 2945.72(H) during "[t]he period of any continuance granted on the accused's own motion and the period of any reasonable continuance granted other than upon the accused's own motion"; and that the rescheduling of the trial in this case, on June 14, 1989, constituted a "reasonable continuance granted other than upon the accused's own motion." The state contends that the reason for the rescheduled trial date was that there was another trial set for the same original date, and the rescheduled trial date of July 6, 1989, was the next available trial date, citing *Aurora v. Patrick* (1980), 61 Ohio St.2d 107, 15 O.O.3d 150, 399 N.E.2d 1220.

Orrill cites *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, for the proposition that when a trial court grants a continuance upon its own motion pursuant to R.C. 2945.72(H), the trial court must enter the order of the continuance and the reasons for the continuance by journal entry prior to the expiration of the time limit prescribed by statute. We have read *State v. Mincy, supra,* and it unequivocally holds as Orrill contends. See, also, *State v. Saffell* (1988), 35 Ohio St.3d 90, 518 N.E.2d 934.

In the case before us, the record is devoid of any journal entry, before the expiration of the statutorily prescribed time within which Orrill could be brought to trial, that both continued the trial date and set forth the reasons for the extension. Therefore, Orrill's conviction and sentence must be reversed upon the authority of *State v. Mincy, supra.*

Orrill's sole assignment of error is sustained.

### III

Orrill's sole assignment of error having been sustained, the judgment of the trial court will be reversed, and Orrill will be ordered discharged.

*Judgment reversed.*

WOLFF, P.J., and GRADY, J., concur.