The STATE of Ohio, Appellee,

v.

JONES, Appellant.

[Cite as *State v. Jones* (1997), 119 Ohio App.3d 59.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 96–P–0177.

Decided April 4, 1997.

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Paul J. Galla-gher,* Assistant Prosecuting Attorney, for appellee.

*Antonios C. Scavdis,* for appellant.

CHRISTLEY, Judge.

This appeal emanates from a decision by the Portage County Court of Common Pleas finding appellant, Michael Edward Jones, guilty of burglary, an aggravated felony of the second degree, in violation of R.C. 2911.12(A)(1). Appellant was

sentenced to an indefinite term of incarceration of not less than three or more than fifteen years.

Appellant resided in a student rental rooming house in Kent, Ohio. Because appellant was a friend of the son of the owners of the house, Mr. and Mrs. Lyndon Jacobs, and he was having difficult times, they hired him as a resident manager to perform duties such as security, carpentry, etc., in exchange for free or discounted rent. The basement of the rooming house contained a common area with a pop machine, washer and dryer. Appellant's apartment was separated from the rooming house's office by a locked door. The office was open only when there was tenant or rental business to conduct. Although appellant was given keys to the office, he was not given the combination to the office's safe, which was accessible only to the Jacobses. However, after certain items were found to be missing from the office and unauthorized long distance phone calls were being made, appellant was asked to return the keys to the office and was told that he was not allowed in the office any longer.[1]

On Sunday, July 9, 1995, the office was closed when a burglary occurred. The Jacobses, who had stopped by the house for an unrelated reason, heard pounding coming from the office. They discovered that the door between appellant's rental unit and the office had been tampered with and taken off its hinges. The keys to the pop machine, which were kept in the safe, had been disturbed. A trail of coins led from the pop machine into appellant's apartment. The Jacobses alleged that approximately $15 was missing. Appellant admitted entering the office but said he did so to borrow soap.

On July 13, 1995, appellant was arrested in this matter and subsequently indicted on the charge of burglary. At his August 14, 1995 arraignment, he pleaded not guilty. On August 28, 1995, he was released on a personal recognizance bond. He was then incarcerated from September 19, 1995, until November 19, 1995, on a misdemeanor charge out of the Kent Municipal Court. On November 25, 1995, he was arrested again and spent ten days in jail, being released on December 4, 1995.[2]

On November 29, 1995, appellant filed a motion for a continuance in order to undergo an examination for competency to stand trial and for treatment in lieu of conviction. The motion was based on appellant's counsel's belief that appellant did not understand the gravity of the charges against him or the effect of the

---

1. Although the state's brief states that appellant was terminated from his employment as the resident manager, the transcript did not express this.

2. This charge arose out of appellant's trespassing into the same rooming house involved in this appeal. The Jacobses had asked him to move out after this incident but he often returned to the rooming house when he was drunk.

alleged conduct giving rising to the charge. After the hearing, the court, on November 30, 1995, ordered appellant to undergo an evaluation to see if he was competent to stand trial. The written report of the evaluation was to be filed with the court within thirty days of the November 30, 1995, order. Bail was set at $10,000. Because appellant could not secure the bond, he remained incarcerated on this charge until the trial commenced on March 14, 1996.

A competency hearing was scheduled for January 22, 1996; however, the Portage County Sheriff's Department failed to produce him at the hearing, and thus it was continued until January 29, 1996. On January 31, 1996, the court found that he was competent to stand trial and scheduled a trial to begin on March 12, 1996.

On March 8, 1996, appellant filed a motion to dismiss the case on the basis that the state had failed to bring him to trial within the time limits contained in R.C. 2945.71. The state responded on March 12, 1996. The court decided to defer its decision until the start of the trial.

On March 14, 1996, the case proceeded to a bench trial.[3] The court denied appellant's motion to dismiss. At the close of the state's case, appellant moved for a Crim.R. 29 acquittal, which was denied by the court. He was found guilty of burglary and sentenced to three to fifteen years' imprisonment. Subsequently, he filed the instant appeal, asserting the following assignments of error:[4]

"1. The trial court erred in failing to dismiss the indictment against the defendant for failure to bring the defendant to trial within the speedy trial time limits of O.R.C. 2945.71.

"2. The trial court erred in finding the appellant guilty of burglary, an aggravated felony of the second degree, since the appellant did not trespass in an occupied structure.

"3. The court erred in failing to grant the defendant's Crim.R. 29 motion for acquittal."

In his first assignment of error, appellant argues that his motion to dismiss should have been granted as he was not brought to trial within the required number of days. Pursuant to R.C. 2945.71(C)(2), an individual charged with a felony offense must be brought to trial within two hundred seventy days of his

---

3. At trial, appellant entered a waiver of trial by jury, and the court found that he had voluntarily waived and relinquished his right to a jury trial.

4. Appellant filed a motion for super shock probation on November 19, 1996, after serving six months of his sentence. After a hearing on the motion, it was granted on January 27, 1997. Execution of appellant's sentence was suspended, and he was placed under the supervision of the probation department for three years at the Summit County Community–Based Correctional Facility.

arrest. R.C. 2945.71(E) provides that for each day the accused spends in jail in lieu of bail on the pending charge, the state is charged with three days.

The running of the statutory period for a speedy trial may be tolled in certain instances, pursuant to R.C. 2945.72. That section states:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state * * *;

"(B) Any period during * * * which his mental competence to stand trial is being determined * * *;

" * * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

█ In moving for dismissal, appellant established a prima facie case for discharge as more than two hundred seventy days had elapsed between the date of his arrest and the date of his trial, when relying upon the triple-count provision.[5] The state then bore the burden of showing that certain time periods were tolled or extended under R.C. 2945.72. *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328; *State v. Fetzer* (July 20, 1990), Portage App. No. 89–P–2085, unreported, 1990 WL 103954. However, the state failed to prove that enough days were tolled or extended to support its position that appellant was brought to trial within the required time period. After a thorough review of the record and a calculation of the relevant time periods, it is evident that appellant's right to a speedy trial was violated, and thus his motion to dismiss should have been granted.

█ In order to provide a clear analysis, the required time periods will be examined separately.[6] The first period we need to examine is that between appellant's July 13, 1995 arrest on this charge and his release on his personal recognizance on August 28, 1995. During these forty-six days, appellant was held

---

5. A detailed discussion of this analysis will be held in the ensuing paragraphs.

6. Pursuant to Crim.R. 45(A), in computing these time periods, "the date of the act or event from which the designated period of time begins to run *shall not* be included. The last day of the period so computed shall be included * * *." (Emphasis added.)

in jail in lieu of bail, and thus, under the triple-count provision, the state should be charged with one hundred thirty-eight days.[7]

The second period is that between August 28, 1995, and September 19, 1995, when appellant was free on bail. The state should be charged with twenty-one days.

■ The third period is from September 19, 1995, until November 19, 1995, when appellant was incarcerated on a misdemeanor charge. Under normal circumstances, the state would be charged with sixty days for this period.[8] However, in the instant matter, the state is charged only with the thirty-four days between September 19, 1995, and October 24, 1995, because on October 24, the court reasonably continued appellant's trial from October 24, 1995, until November 28, 1995. Pursuant to R.C. 2945.72(H), a court may continue a trial when the court is involved in another trial, and this tolls the running of the speedy trial time. The court properly filed an order stating the reason for the continuance as follows: "[T]he court proceeded with the aggravated murder trial of Barry Young and was required to continue the above cause on the 28th of November, 1995, at 9:00 a.m." See, e.g., State v. Orrill (1990), 66 Ohio App.3d 259, 583 N.E.2d 1116, and State v. Oliver (May 26, 1993), Summit App. No. 15994, unreported, 1993 WL 175536.

■ Time would normally begin to run again on November 29, 1995; however, on that day, appellant filed a motion for continuance to undergo a competency examination. Pursuant to R.C. 2945.72(B), time was tolled during the entire sixty-two days this motion was pending, and thus the state was not charged with any days between November 29, 1995, and January 31, 1996, when appellant was found competent to stand trial.[9]

---

7. The day of arrest is not included when computing the time within which a defendant must be brought to trial. State v. Steiner (1991), 71 Ohio App.3d 249, 593 N.E.2d 368.

8. Although both the state and appellant argue that the entire time is tolled when a defendant is in jail in the same state on another charge, the case and statutory law actually support a single-day count. See R.C. 2945.72(A); State v. Brown (1992), 64 Ohio St.3d 476, 482, 597 N.E.2d 97, 101; State v. MacDonald (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40; State v. Thieshen (1977), 55 Ohio App.2d 99, 9 O.O.3d 259, 379 N.E.2d 622; State v. Williams (Dec. 3, 1996), Richland App. No. 95 CA 93, unreported, 1996 WL 753216; State v. Mack (Jan. 27, 1994), Cuyahoga App. No. 65819, unreported, 1994 WL 24260; State v. Nelson (Jan. 19, 1989), Cuyahoga App. No. 54905, unreported, 1989 WL 4146; and State v. Ross (Apr. 6, 1983), Logan App. No. 8–82–11, unreported. This would be true unless the defendant was otherwise not available under R.C. 2945.72(A).

9. The running of the statutory time limit is tolled from the date the motion is made, not the date the motion is granted. See, e.g., State v. Hudson (Dec. 21, 1990), Lake App. No. 89–L–14–143, unreported, 1990 WL 212634, and Fetzer.

However, this analysis requires a more detailed discussion because there is a conflict in authority as to whether the entire sixty-two days should be tolled.

Appellant concedes that a certain number of days should be tolled as a result of his motion for a competency evaluation, pursuant to R.C. 2945.371(D). However, he argues that the time begins to run again after the thirty days, even if the report is not yet filed. The state, on the other hand, argues that the entire sixty-two-day period should be tolled pursuant to R.C. 2945.72(B).

Although this issue has been addressed on several occasions by courts in Ohio with varying results, this court has continuously held that the speedy trial time is tolled from the date of the filing of the motion until the motion is actually ruled upon by the trial court.[10] As early as 1985, we held, in *State v. Hickman* (Sept. 27, 1985), Ashtabula App. No. 1201, unreported, at 5:

"Although the language of R.C. 2945.37(D) and 2945.37(E) is mandatory, its mandates are directed at the examination proceedings and hearings thereon, *not the speedy trial provisions.* This statutory section was obviously included by the General Assembly to accommodate many realities of the workings of public and private forensic centers, psychiatrists, and clinical psychologists. Appellant's position here expressly ignores these verities." (Emphasis added.) See, also, *State v. Kotnik* (Mar. 31, 1989), Lake App. No. 13–015, unreported; *Fetzer; Hudson; State v. Simpson* (Sept. 30, 1994), Lake App. No. 93–L–014, unreported, 1994 WL 587896; *State v. Taylor* (Dec. 23, 1994), Ashtabula App. No. 93–A–1812, unreported, 1994 WL 738482; and *State v. Dingess* (Sept. 29, 1995), Ashtabula App. No. 94–A–0058, unreported, 1995 WL 787819.[11]

These decisions have relied on the clause in R.C. 2945.72(B) that provides that the time is extended by "any period" during which the accused's mental competence to stand trial is being determined.

"[T]he tolling of the speedy trial provisions for a competency determination *is not constrained to thirty days, but instead runs from the date of the filing of the motion until the date the trial court makes a finding of competency.* In reaching this conclusion, we held [in *Fetzer* ] that R.C. 2945.371(D) was ministerial, subject to reasonable time for conclusion. Therefore, no statutory speedy trial time was

---

**10.** It appears that only the Twelfth Appellate District has held that the tolling of the period ends when the examiner's report is due to be filed with the court, even if it is not so filed, in order to prevent the indefinite tolling of the statute. See, *e.g., State v. Wilson* (1982), 7 Ohio App.3d 219, 7 OBR 281, 454 N.E.2d 1348, and *State v. Bowman* (1987), 41 Ohio App.3d 318, 535 N.E.2d 730. However, since this court has decided that the time period is in fact tolled until the report is filed and the court rules upon the motion, it is that decision which is controlling.

**11.** Although this writer has previously dissented on this issue, she acknowledges the controlling precedent set by this court in *Fetzer* and its progeny. See *Fetzer* and *Hudson*.

consumed until appellant's competency to stand trial was determined by the trial court." (Emphasis added.) *Id.* at 7.

Additionally, we have relied on the fact that nowhere in R.C. 2945.371(D) or 2945.72 does it state that time begins to run on the date the report is due, even if it is not filed. The statute does not expressly or impliedly limit the extension to a specific time period. *Kotnik.* There is nothing in the language of R.C. 2945.371 to warrant a finding that it was intended to alter or affect, in any manner, the provisions of R.C. 2945.72(B), nor is there any indication that the legislative intent was to deprive the court of jurisdiction for failure to comply with the time requirements.

■ Where the examiner fails to submit his report within the required thirty days, the accused may notify the court of the failure and ask the court to enforce its order. *Kotnik; State v. Smith* (Apr. 23, 1992), Cuyahoga App. No. 60509, unreported, 1992 WL 83852; and *State v. Hawkins* (Aug. 6, 1996), Mahoning App. No. 93 C.A. 261, unreported, 1996 WL 451377.

Accordingly, the entire time between the filing of the motion for a competency evaluation and the court's determination that appellant was competent to stand trial extends the time limit by sixty-two days.

The fifth period began after appellant was found to be competent on January 31, 1996, and lasted until appellant's March 8, 1996 filing of his motion to dismiss. Because appellant was in jail in lieu of bail during these thirty-seven days, the state is charged with one hundred eleven days.

Finally, the state would not be charged with any time for the period between March 8, 1996, and the beginning of appellant's trial on March 14, 1996. A motion to dismiss the indictment tolls the time within which a defendant must be brought to trial. R.C. 2945.72(E); *State v. Bunyan* (1988), 51 Ohio App.3d 190, 555 N.E.2d 980.

Thus, the state is charged with the following number of days: one hundred thirty-eight, twenty-one, thirty-four, and one hundred eleven, equaling three hundred four days. Appellant's trial was held thirty-four days after the speedy trial time had expired.

■ In the instant matter, the state asserts that the delay was caused by the timing of appellant's motion for a competency evaluation. Specifically, it argues that appellant did not file the motion until the week the trial was originally scheduled, and had the trial been held then, it would have been timely. Additionally, the state argues that there was no time to arrange a jury trial in February

when appellant was not found to be competent to stand trial until January 31.[12] Assuming that the state is correct that there was no time to arrange a February jury trial or that the state was ready to proceed in November 1995, the court only needed to file an entry prior to the expiration of the statutory time limit stating that the case would be continued until March because of its inability to seat a jury until that time. Its failure to do so requires that appellant be discharged.[13] Appellant's motion to dismiss should have been granted, and his first assignment of error has merit.

Pursuant to our decision that appellant's motion to dismiss should have been granted, appellant's second and third assignments of error have been rendered moot. Accordingly, there is no need to address whether his motion for acquittal should have been granted or whether the court erred in finding him guilty of burglary.[14]

The judgment of the trial court is reversed, and judgment is entered for appellant.

*Judgment reversed.*

FORD, P.J., and NADER, J., concur.

---

12. At this point, appellant had not yet waived his right to a jury trial.

13. At oral arguments on this matter, the state changed the basis of its assertion, arguing that the time should be tolled because of appellant's late waiver of a jury trial and the need to reschedule the case for a bench trial. However, upon examination of the record, it is clear that appellant never made a request to waive his jury trial until the morning of the March 14, 1996 bench trial when the judge gave him an option to do so. There was, therefore, no continuance on the basis of appellant's waiver of a jury trial.

14. Appellant's second and third assignments would have been without merit as there was evidence that the office was a *separately secured portion of an occupied structure*, and thus there was evidence to support appellant's burglary conviction, pursuant to R.C. 2911.12(A)(1). In this case, the "structure" was the entire rooming house and the evidence indicated that it was occupied at the time of the offense. The evidence also indicated that the office was separately secured by a locked door. Appellant's argument that he had a right to be in the rooming house is totally irrelevant because he did not have a right to be in the office, which is where the crime occurred.