Defendant-appellant, James W. Stewart, appeals his conviction in the Warren County Court for driving while under the influence of alcohol ("DUI") in violation of Springboro Ordinance 434.01(A).
Appellant was arrested on July 9, 1997 and charged with DUI in violation of Springboro Ordinance 434.01(A), and with weaving in violation of Springboro Ordinance 432.08. Following several motions filed by appellant, a jury trial was eventually set for January 16, 1998. On January 6, 1998, appellant filed a motion to dismiss for denial of speedy trial. A hearing on the motion was held on January 15, 1998. The trial court overruled the motion the next day. That same day, appellant pled no contest to both charges and was found guilty of DUI. By judgment entry filed March 5, 1998, the trial court convicted appellant of DUI and sentenced him accordingly. This timely appeal follows.
In his third assignment of error,[1] appellant argues that the trial court erred in overruling his motion to dismiss the case on speedy trial grounds. We agree.
Appellant was arrested on July 9, 1997, but was not brought to trial until January 16, 1998. According to R.C. 2945.71(B)(2), the state had ninety days after appellant's arrest to bring him to trial. Time starts to run from the date of the arrest; however, the day of the arrest itself is not counted when computing the statutory time period. State v. Prather (July 10, 1995), Brown App. No. CA94-08-010, unreported. Thus, not counting the day of the arrest, and based upon simple mathematics, one hundred ninety days elapsed between appellant's arrest and his no contest plea, one hundred days beyond the statutory ninety-day period.
The time requirement set forth in R.C. 2945.71 is subject to the extensions provided in R.C. 2945.72, which states in relevant part:
 The time within which an accused must be brought to trial * * * may be extended only by the following:
* * *
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]
On July 16, 1997, appellant filed a motion to stay his administrative license suspension ("ALS") which the trial court granted on July 25, 1997. We find that such motion falls under R.C.2945.72(E). See State v. Anderson (Dec. 5, 1996), Licking App. No. 96 CA 21, unreported (holding that a defendant's motion to vacate his ALS suspension falls under R.C. 2945.72[E]). On July 16, 1997, appellant also filed a request for discovery to which the state responded on July 22, 1997. Discovery motions filed by a defendant toll the speedy trial time until the state responds to them. Prather, Brown App. No. CA94-08-010, unreported, at 6. Thus, the speedy trial limit was tolled by appellant's request for discovery until the state responded to it.
On July 22, 1997, the state filed a motion for discovery. Appellant having failed to respond, the state filed a motion to compel discovery on August 25, 1997. Appellant responded to the state's discovery motion on August 28, 1997. A defendant's untimely compliance with the state's discovery request is chargeable to the defendant under R.C. 2945.72(D), which extends the time for trial for any period of delay occasioned by the neglect or improper act of the defendant. State v. Larsen (Mar. 25, 1995), Medina App. No. 2363-M, unreported.
On August 6, 1997, appellant filed a motion to suppress. A hearing on the motion to suppress was originally set for September 2, 1997. It was, however, continued to September 30, 1997, at the request of the state. The trial court denied the motion on November 4, 1997. Pursuant to R.C. 2945.72(E), the periods from August 6, 1997 to September 2, 1997 and from September 30, 1997 to November 4, 1997 are chargeable to appellant. The period from September 2, 1997 to September 30, 1997 is, however, chargeable to the state.
On January 6, 1998, appellant filed a motion to dismiss on speedy trial grounds. The trial court overruled appellant's motion on January 16, 1998. Thereafter, that same day, appellant pled no contest to the charges of DUI and weaving and was found guilty of DUI. It is well-established that the speedy trial time is tolled upon the filing of a motion to dismiss for violation of speedy trial rights until the motion is ruled upon. State v. Martin (1978), 56 Ohio St.2d 289, 297; R.C. 2945.72(E). See, also, State v. Bunyan (1988), 51 Ohio App.3d 190; State v. Smith (1981), 3 Ohio App.3d 115. Thus, the period from January 6 to January 16, 1998, or ten days, is chargeable to appellant.
Recapitulating, on the basis of the record, the following periods are chargeable to appellant under R.C. 2945.72: The entire period from July 16, 1997, when appellant filed his discovery request and his motion to stay his ALS, to September 2, 1997, when the hearing on appellant's motion to suppress was originally set for, or a total of forty-eight days;[2] the thirty-five days from September 30, 1997 to November 4, 1997; and the ten days from January 6 to January 16, 1998. The total number of days chargeable to appellant is therefore ninety-three.
The following periods are, however, chargeable to the state: The seven days from July 9 to July 16, 1997; the twenty-eight days from September 2 to September 30, 1997; and the sixty-three days from November 4, 1997 to January 6, 1998. The total number of days chargeable to the state is therefore ninety-seven, meaning that appellant was tried on the ninety-seventh day after his arrest or one week after the statutorily required period.
We therefore find that appellant's statutory speedy trial rights were violated and that the trial court erred in overruling appellant's motion to dismiss. Appellant's third assignment of error is well-taken and sustained. Appellant's first and second assignments of error are rendered moot by our decision on the third assignment of error, and therefore need not be reviewed by this court. App.R. 12(A). Appellant's DUI conviction is therefore reversed and appellant is discharged.
Judgment reversed and appellant discharged.
YOUNG, P.J., and POWELL, J., concur.
[1] Although appellant raises three assignments of error, this court will only address appellant's third assignment of error as it is dispositive of this appeal.
[2] It is axiomatic that motions filed by a defendant and overlapping in time, such as appellant's motion to stay his ALS, his request for discovery, and his motion to suppress, will not be each individually chargeable to the defendant under R.C.2945.72.