This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant John F. Szorady has appealed from a decision of the Lorain County Court of Common Pleas that denied his motion to dismiss for want of a speedy trial. This Court affirms.
 I. {¶ 2} On October 31, 2001, Appellant was indicted by the Lorain County Grand Jury on one count of illegal conveyance, in violation of R.C. 2921.36(A)(2), a felony of the third degree. Appellant was arraigned on November 28, 2001, at which time he entered a plea of not guilty and was appointed an attorney by the trial court. A pretrial conference was held on December 5, 2001. The journal entry issued as a result of the conference contained a waiver clause, which provided: "DEFENDANT WAIVES STATUTORY TIME FOR SPEEDY TRIAL PURSUANT TO R.C. 2945.71 et seq." Underneath the waiver clause was a space provided for a defendant's signature, but Appellant did not sign his name in the space. The journal entry also indicated that Appellant requested discovery and a bill of particulars, and stated: "At the defendant's request, a second pretrial set for [January 16, 2002] at 9:30."
 {¶ 3} Other pretrial conferences were held on January 16, 2002, February 13, 2002, March 6, 2002, May 6, 2002, and June 5, 2002. The journal entry for each pretrial conference reflects that Appellant did not waive his right to speedy trial because the signature line underneath the clause "DEFENDANT WAIVES STATUTORY TIME FOR SPEEDY TRIAL PURSUANT TO R.C. 2945.71 et seq." remained unsigned.
 {¶ 4} On May 29, 2002, Appellant filed a pro se motion entitled: "Motion to dismiss for the lack of a speedy trial [p]ursuant to R.C.2945.71 *** and R.C. 2945.73 *** Also in violation of the Sixth and theFourteenth Amendment of the United States Constitution." In the motion, Appellant contended that the actions taken against him by the staff of Grafton Correctional Institution on August 10, 2001, constituted an "arrest" because he "was placed in [an] isolation area [separated] from [the] general population of the [institution], where [he's] still situated, with all the [f]reedom and privileges allowed to [the] general population denied to [him] including but not limited to lost wages earned for employment held at the Automotive Vocational School within the [institution]." He also stated that before being placed in isolation he was read his Miranda warnings.
 {¶ 5} The trial court denied the motion on August 8, 2002, holding:
 "[Appellant's] pro se Motion to Dismiss, filed [May 29, 2002], is denied, as speedy trial time did not begin to run until, at the earliest [October 31, 2001], and speedy trial time was tolled when [Appellant] filed his pro se Motion to Dismiss on [May 29, 2002]."
 ¶ 6 On September 4, 2002, Appellant withdrew his guilty plea and entered a plea of no contest. The trial court sentenced Appellant to one year in prison, which was ordered to run concurrent to his current prison sentence. Appellant has timely appealed, asserting one assignment of error.
 II. Assignment of Error "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS DUE TO A VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL PURSUANT TO [R.C. 2945.71], [R.C. 2945.72], AND [R.C. 2945.73] IN ADDITION TO SECTION 10, ARTICLE I
OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS."
 {¶ 7} In Appellant's sole assignment of error, he has argued that the trial court violated his right to a speedy trial, in violation of R.C. 2945.71, R.C. 2945.72, and R.C. 2945.73. Appellant has further argued that by violating his right to a speedy trial, the trial court also violated his rights guaranteed under Section 10, Article I of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. We disagree.
 {¶ 8} When reviewing a defendant's claim that he was denied his right to a speedy trial, this Court must apply the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Berner, 9th Dist. No. 3275-M, 2002-Ohio-3024, at ¶ 5, appeal not allowed, 97 Ohio St.3d 1422, 2002-Ohio-5820.
 {¶ 9} Both the United States Constitution, and Section 10, ArticleI of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218, 219. The statutory provision for a defendant's right to a speedy trial is codified at R.C. 2945.71 et seq. According to R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) further provides that for purposes of computing time under R.C. 2945.71(C)(2), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
 {¶ 10} If a court fails to comply with the time requirements specified in R.C. 2945.71, "a person charged with an offense shall be discharged if he is not brought to trial[.]" R.C. 2945.73(B). "When an accused is discharged pursuant to [R.C. 2945.73(B)] *** such discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D). The time within which a defendant must be brought to trial can be tolled, however, by certain events delineated in R.C. 2945.72; specifically, R.C. 2945.72(E) provides that speedy trial period may be tolled for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]"
 {¶ 11} In the instant case, Appellant has asserted that the time for speedy trial began to run on August 10, 2001, the date he was taken from his prison cell and placed in isolation, and he has contended that "[i]f the trial court had properly calculated [Appellant's] speedy trial time from the date of August 10, 2001 through 270 days later *** the present case would have been dismissed as a matter of law and Appellant discharged." Appellant has further argued that he "did not waive his speedy trial rights by the filing of a defense motion (other than discovery request). Appellant did not sign for a time waiver on any of the boilerplate journal entries for continuance supplied by the trial court."
 {¶ 12} We first note that the statutory time limits for speedy trial begin to run on the day after the date of arrest or service of summons. R.C. 2945.71(C)(2); Akron v. Cody (Sept. 6, 2000), 9th Dist No. 19986, at 3, citing State v. Steiner (1991), 71 Ohio App.3d 249,250-251; see, also, State v. Olverson, 10th Dist. No. 02AP-554,2003-Ohio-1274, at ¶ 35, citing State v. Stamps (1998),127 Ohio App.3d 219, 223. ("The speedy trial time begins to run when an accused is arrested for the offense at issue. However, the actual day of the arrest does not count.") (Citations omitted.). Appellant was indicted on October 31, 2001. However, the record reveals that a warrant on the indictment was not issued until November 1, 2001, and Appellant was arrested on November 19, 2001. The only indication in the record that Appellant was "arrested" on August 10, 2001, is Appellant's motion to dismiss, in which he asserted that he was read his Miranda rights and arrested on August 10, 2001.[1] As the record is devoid of any evidence that demonstrates Appellant was arrested on August 10, 2001, we conclude that the trial court's finding that the speedy trial period did not start on August 10, 2001, was supported by some competent, credible evidence.
 {¶ 13} In determining the time in which Appellant should have been brought to trial, this Court will apply the day after the date of Appellant's arrest (November 20, 2001) as the date in which the speedy trial period commenced. See Cody, supra. Pursuant to R.C. 2945.71(C)(2), Appellant should have been brought to trial no later than August 16, 2002.[2] Therefore, Appellant's motion to dismiss, which was filed on May 29, 2002, was premature because it was filed approximately eighty days before the speedy trial period expired. As such, the trial court properly denied the motion.
 {¶ 14} We also find that when Appellant filed his motion to dismiss, he effectively extended the time in which the trial court was required to bring Appellant to trial. SeeState v. Bickerstaff (1984),10 Ohio St.3d 62, 67 ("It is evident from a reading of [R.C. 2945.72(E)] that a motion to dismiss acts to toll the time in which a defendant must be brought to trial."); see, also, State v. Bunyan (1988),51 Ohio App.3d 190, 193; State v. Martin (1978), 56 Ohio St.2d 289, 297. The filing of Appellant's motion to dismiss tolled the speedy trial period from May 29, 2002 until the date that the trial court denied Appellant's motion to dismiss on August 8, 2002; therefore the continuance tolled the speedy trial period for seventy-two days. Thus, the trial court had until October 29, 2002[3], to bring Appellant to trial in compliance with R.C. 2945.71(C)(2) and R.C. 2945.73(E).
 {¶ 15} In sum, we find that when Appellant filed his motion to dismiss, the speedy trial period had not expired. In fact, only one hundred ninety-one days had elapsed between the day after the date Appellant was arrested (November 20, 2001) and the date he filed his motion to dismiss (May 29, 2002). Moreover, Appellant entered a no contest plea more than fifty-five days before the trial court was required to bring Appellant to trial. Because the trial court never exceeded the two hundred seventy day speedy trial period, this Court concludes that the trial court did not err when it denied Appellant's motion to dismiss.
 {¶ 16} Accordingly, Appellant's assignment of error is not well taken.
 III. {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and BAIRD, J. CONCUR
[1] In Appellant's motion to dismiss, he conceded that he was picked up from Grafton Correctional Institution by the Lorain County Sheriff's Department and transported to the Lorain County jail on November 19, 2001. While at the jail, he admitted that he was handed a copy of an indictment.
[2] We note that the three-for-one provision of R.C. 2945.71(E) does not apply in calculating the speedy trial period because Appellant was not being held solely on the pending charge of illegal conveyance; Appellant, at the time of his arrest, was already an inmate in Grafton Correctional Institution. SeeState v. Duncan (Sept. 12, 2001), 9th Dist. No. 3117-M, at 12, fn1; see, also, State v. Harris (June 9, 2000), 6th Dist No. H-99-010, 2000 Ohio App. LEXIS 2433, at *19-20; Ashland v.Harris (Dec. 3, 1997), 5th Dist. No. 97-COA-01217, 1997 Ohio App. LEXIS 5882, at *2.
[3] In actuality, seventy-two days from the date Appellant should have been brought to trial (August 16, 2002) falls on October 27, 2002. However, October 27 was a Sunday, and Crim.R. 45(A) provides that if the last day of a time period is a Sunday, "the [statutory time] period runs until the end of the next day that is not Saturday, Sunday, or legal holiday." Therefore, the speedy trial period is extended until Tuesday, October 29, 2002.