DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, William Hughes, appeals the decision of the Lorain County Court of Common Pleas, which denied his motion to dismiss for lack of a speedy trial. This Court affirms.
 I. {¶ 2} On October 31, 2001, appellant was indicted by the Lorain County Grand Jury for illegal conveyance, a violation of R.C.2921.36(A)(2). On November 19, 2001, appellant was arrested by the Lorain County Sheriff. At the time of his arrest, appellant was serving a sentence of five to twenty-five years at Grafton Correctional Institution on an unrelated conviction.
 {¶ 3} On November 21, 2001, appellant was arraigned and pled not guilty. Counsel was appointed and the case was continued for a pre-trial. Appellant did not waive his right to speedy trial. A jury trial was set for April 25, 2002. On April 19, 2002, appellant filed a discovery motion for the record of prior felony convictions of the State's witnesses. The jury trial was continued and another pre-trial was scheduled.
 {¶ 4} On July 31, 2002, appellant filed a motion to dismiss on speedy trial grounds. On August 9, 2002, the trial court denied appellant's motion to dismiss.
 {¶ 5} On August 23, 2002, appellant filed a second motion to dismiss on speedy trial grounds. While appellant's second motion to dismiss was pending, the jury trial was scheduled to begin on September 30, 2002.
 {¶ 6} On September 30, 2002, appellant withdrew his former plea of not guilty and entered a plea of no contest to the indictment. The court accepted appellant's plea of no contest and denied his second motion to dismiss. Appellant was found guilty and sentenced accordingly.
 {¶ 7} On January 22, 2003, appellant filed a motion for leave to file a delayed appeal with this Court. This Court denied appellant's motion and dismissed the appeal. Appellant filed an application for reconsideration which was granted and the appeal was reinstated. Appellant presents one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The Trial Court Erred By Denying Appellant's Motion To Dismiss Due To A Violation Of His Right To A speedy Trial Pursuant To Ohio Revised Code2945.71, 2945.72, And 2945.73 In Addition To Section 10, Article 1, Of The Ohio Constitution And The Sixth And Fourteenth Amendments To The United States Constitution."
 {¶ 8} In his sole assignment of error, appellant argues that the trial court violated his right to a speedy trial, in violation of R.C.2945.71, R.C. 2945.72, and R.C. 2945.73. In addition, appellant argues that by violating his right to a speedy trial, the trial court also violated his rights guaranteed under Section 10, Article I of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. This Court disagrees.
 {¶ 9} When reviewing a defendant's claim that he was denied his right to a speedy trial, this Court must apply the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Berner, 9th Dist. No. 3275-M, 2002-Ohio-3024, at ¶ 5, appeal not allowed, 97 Ohio St.3d 1422, 2002-Ohio-5820, citing Statev. Thomas (Aug. 4, 1999), 9th Dist. No. 98CA007058.
 {¶ 10} Both the United States Constitution, and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218,219. The statutory provision for a defendant's right to a speedy trial is codified at R.C. 2945.71 et seq. According to R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) further provides that for purposes of computing time under R.C. 2945.71(C)(2), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
 {¶ 11} If a court fails to comply with the time requirements specified in R.C. 2945.71, "a person charged with an offense shall be discharged if he is not brought to trial[.]" R.C. 2945.73(B). "When an accused is discharged pursuant to [R.C. 2945.73(B)] * * * such discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D). The time within which a defendant must be brought to trial can be tolled, however, by certain events delineated in R.C. 2945.72. Specifically, R.C. 2945.72(E) provides that the speedy trial period may be tolled for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]"
 {¶ 12} In the present case, Appellant has asserted that the time for speedy trial began to run on August 10, 2001, the date he was taken from his prison cell and placed in isolation.
 {¶ 13} This Court recently addressed this same issue in State v.Szorady, 9th Dist. No. 02CA008159, 2003-Ohio-2716. In Szorady, this Court held that the time for speedy trial begins to run when an accused is arrested; however, the actual day of arrest is not counted. Id. at ¶ 12. In the instant case, appellant was interrogated by a prison investigator and placed in solitary confinement on August 13, 2001. On October 31, 2001, appellant was indicted by the grand jury. The record reveals that a warrant on the indictment was issued on November 1, 2001, and appellant was arrested on November 19, 2001. As there is no evidence in the record to support appellant's contention that he was arrested on August 13, 2001, this Court concludes that the trial court's finding that the speedy trial period did not start on August 10, 2001, was supported by some competent, credible evidence.
 {¶ 14} Given the fact that appellant was arrested on November 19, 2001, his speedy trial time began to run on November 20, 2001, the day after his arrest. Pursuant to R.C. 2945.71(C)(2), appellant should have been brought to trial no later than August 16, 2002, absent any tolling of the period. Therefore, appellant's motion to dismiss which was filed on July 31, 2002, was premature because it was filed approximately sixteen days before the speedy trial period expired. As such, the trial court properly denied the motion.
 {¶ 15} This Court also finds that when appellant filed his two motions to dismiss, he effectively extended the time in which the trial court was required to bring him to trial. See State v. Bickerstaff
(1984), 10 Ohio St.3d 62, 67 ("It is evident from a reading of [R.C.2945.72(E)] that a motion to dismiss acts to toll the time in which a defendant must be brought to trial."); see, also, State v. Bunyan
(1988), 51 Ohio App.3d 190, 193. The filing of appellant's first motion to dismiss tolled the speedy trial period from July 31, 2002, until the date that the trial court denied appellant's motion to dismiss on August 9, 2002; the filing of appellant's second motion to dismiss tolled the speedy trial period from August 23, 2002, until he entered his plea of no contest on September 30, 2002, the day his trial was scheduled to begin. From November 20, 2001, the day after appellant's arrest, to July 31, 2002, two hundred and fifty-three days elapsed. From August 9, 2002, until August 23, 2002, the date appellant filed a second motion to dismiss, an additional fourteen days elapsed, for a total of two hundred sixty-seven days. For purposes of speedy trial, two hundred and sixty-seven days had elapsed on September 30, 2002. Because the trial court never exceeded the two hundred seventy day speedy trial period, this Court finds that the trial court properly denied appellant's motion to dismiss.
 III. {¶ 16} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
BAIRD, P.J., WHITMORE, J. CONCUR.