## State v. Dumas
*[Cite as 4 AOA 417]*

*Case No. 88AP-779*
*Franklin County, (10th)*
*Decided June 19, 1990*

*Mr. Michael Miller, Prosecuting Attorney, and Mr. Alan C. Travis, for Appellee.*

*Mr. J. Tullis Rogers, for Appellant.*

MARTIN, J.

The appellant in this case was arrested on the 19th day of March, 1988, and charged with two counts of attempted rape, one count of felonious assault, and one count of kidnapping. The appellant remained incarcerated on these charges thereafter and at all relevant time throughout this proceeding.

On the above date, the appellant had gone to visit the mother of the victim, Tammy Hampton, and while her mother was out of the apartment, appellant is alleged to have entered the victim's room and attempted to have sex with her. A fight ensued with a hammer in which the victim allegedly struck at the appellant and the appellant allegedly hit the victim with it several times. The victim's sister, upon hearing the commotion, went to call the police and the appellant thereupon left the apartment and was soon thereafter apprehended.

The appellant was indicted, received appointed counsel, and was arraigned on April 1, 1988. One week later, a trial date was set for July 13, 1988, some one hundred sixteen days after the date of the arrest. (At the time that the trial date

was set, the appellant was being held on other charges which were subsequently dismissed. Even if the appellant is only given one-day credit for each of the eleven days spent in jail while awaiting trial on the other charges, there was still a period of slightly less than one week in which the appellant could have successfully moved for a dismissal on grounds of failure to provide him with a speedy trial.)

The appellant did not at any time during this period complain that he was not being afforded a speedy trial. The statutory time limits set by R.C. 2945.71 ticked by without complaint on his part. It is well-established under Ohio law at this point that the appellant need not complain to the prosecutor nor to the court in order to preserve his rights to a speedy trial.

The trial date of July 13, 1988, came and the prosecutor, seeing that the victim had not received her subpoena, asked for a continuance. At this time, and for nearly a week prior thereto, the appellant's window of opportunity was wide open. At this time, he, without question, could have successfully moved for a dismissal.

However, when the prosecutor asked for a continuance, defense counsel concurred in the continuance which was then granted by the trial court and the matter was reassigned for trial on August 8, 1988.

The continuance was signed by the prosecutor and by defense counsel. It contained the following language: "Defendant waives the right to a speedy trial for the period of this continuance." The entry of continuance contained the new trial date of the 8th day of August, 1988. The appellant did not sign.

On the date set for trial, the appellant moved to dismiss the charges against him on the grounds of denial of a speedy trial under R.C. 2945.71. The trial court overruled said motion and at that time the appellant asked for leave to enter an *Alfred* plea of guilty to one count of felonious assault, to which motion the prosecuting attorney concurred. Later, the court permitted the guilty plea to be amended to a plea of no contest in order to preserve the appellant's rights to a review of the trial court's decision on the motion to dismiss.

Appellant thus brings before this court the one question of whether he was deprived of his rights to a speedy trial under the provisions of R.C. 2945.71 and 2945.73 as implementing an accused criminal's rights to a speedy trial under the Sixth Amendment of the United States Constitution and Section 10, Article I, of the State Constitution.

Appellant urges that the case of *State* v. *Singer* (1977), 50 Ohio St. 2d 103, is directly on point with the case under consideration and should control the outcome of this case. *Singer,* correctly states the now time-honored proposition that:

"A defendant's failure to object to a trial date scheduled outside the 90-day limitation period of R.C. 2945.71(C)(2) and (D), before the expiration of that period, does not amount to acquiescence in the trial date." *Id.* at syllabus.

While this is certainly a correct proposition of law, it does not give any guidance on the proceedings of the 13th of July, that is, the granting of the continuance by the trial court and the appellant's waiver of his right to a speedy trial during the period of the continuance.

Central to the question under examination is R.C. 2945.73(B) which provides:

"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by section 2945.71 and 2945.72 of the Revised Code."

As is apparent here, the speedy-trial provisions are not self-executing, but rather, must be asserted by a defendant in a timely fashion to avoid such rights being waived. *Partsch* v. *Haskins* (1963), 175 Ohio St. 139, and subsequent related cases uniformly support this proposition. Prior to the waiver of July 13, the appellant had not asserted in any form his right to a speedy trial.

The question then arises, does a defense counsel have a power to waive a defendant's right to a speedy trial and is such a defendant thus bound by the waiver. The case of *State* v. *McBreen* (1978), 54 Ohio St. 2d 315, is binding authority that defense counsel does indeed have such powers to bind his client and such a waiver is effective.

Under R.C. 2945.72(H), the time for trial may be extended for the reason, *inter alia,* that:

"The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

The reason stated in the entry was that the victim in this case did not receive her subpoena. The failure did not arise out of dilatory conduct on the part of the prosecuting attorney and is not questioned by appellant. Certainly, this continuance was for a valid reason. The Ohio Supreme Court found in the case of *State* v. *Lee* (1976), 48 Ohio St. 2d 208, that even a court's *sua sponte* continuance of a trial date for reasons of "* * * 'crowded docket & the judge's conference' * * *" was reasonable.

Finally, the defendant cites the case of *State v. Cutcher* (1978), 56 Ohio St. 2d 383, for the proposition that setting a trial date beyond the limits of the speedy-trial provisions in and of itself does not constitute acquiescence by a defendant and a defendant's failure to object does not constitute a continuance pursuant to R.C. 2945.72 through 2945.72(H). Again, though this is valid statement of law, it is inapplicable in this case.

Where, as here, the record indicates that the appellant's attorney participated in the reassignment and in the waiving of appellant's rights to a speedy trial, after the time for trial had run, the court is of the opinion that the cases of *State v. McRae* (1978), 55 Ohio St. 149, and *State* v. Davis (1976), 46 Ohio St. 2d 444, are controlling and require that the trial court's decision in overruling the appellant's motion to dismiss on grounds of failure to provide a speedy trial be found to be correct and should be upheld.

Accordingly, the defendant-appellant's one assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., concurs.
WHITESIDE, J., dissents.

MARTIN, J., of the Fairfield County Common Pleas Court, sitting by assignment in the Tenth Appellate District.

WHITESIDE, J., dissenting.
Because the majority opinion is in conflict with numerous pronouncements of the Ohio Supreme Court by which we are bound, I must respectfully dissent.

It is undisputed that the original trial date of July 13, 1988 was set for a time after the expiration of the time specified by R.C. 2945.71.

Defendant was arrested on March 19, 1988 and remained incarcerated until trial. Some one hundred sixteen days elapsed between the time of the arrest and the date originally set for trial which, under the three-for-one rule, would equal three hundred forty-eight days. Even if eleven days are deducted from the three-for-one computation because of confinement on other charges, a total of three hundred twenty-six chargeable days elapsed before July 13, 1988.

The trial was not commenced on that date, but instead, was continued upon motion of the prosecutor because of the unexplained unavailability of a witness. Defense counsel signed the continuance entry which was on a pre-printed form including the words "[d]efendant waives the right to a speedy trial for the period of this continuance."

Such waiver, however, did not purport to waive any right to a speedy trial which was violated prior to the period of the continuance. Rather, the effect of the continuance entry was to leave the speedy-trial question in the same stance as it was on July 13, 1988. There is no indication of any retroactive effect intended to be given to the continuance entry as the majority opinion in effect holds it should be given for an explained reason.

The majority opinion is in conflict with *State v. Singer* (1977), 50 Ohio St. 2d 103, which effectively "overruled" the decision of this court in *State* v. *Westbrook* (1975), 47 Ohio 2d 211, which was predicated upon reasoning similar to that in the majority opinion which is also in conflict with *State* v. Pudlock (1975), 44 Ohio St. 2d 104; *State* v. *Tope* (1978), 53 Ohio St. 2d 250; and *State* v. *McRae* (1978), 55 Ohio St. 2d 149; and *State* v. *Cutcher* (1978), 56 Ohio St. 2d 383; as well as numerous decision of other courts of appeals and of this court. There is no provision for implied retroactive wavier of statutory speedy-trial rights, wavier being effected only by express action of defendant or his counsel or by failure to raise the issue prior to the commencement of trial. Here, the motion to dismiss was timely filed prior to trial.

Accordingly, the assignment of error should be sustained.