[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 455.]

THE STATE OF OHIO, APPELLEE, *v*. DUMAS, APPELLANT.

[Cite as *State v. Dumas*, 1996-Ohio-29.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel based on appellate counsel's failure to raise issue of trial counsel's ineffectiveness—Application denied, when—Waiver of speedy trial right a sound trial strategy, when.*

(No. 95-2386—Submitted March 5, 1996—Decided May 15, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 88AP-779.

———————————

{¶ 1} Appellant, Sylvester Dumas, was arrested on March 19, 1988, and indicted on two counts of attempted rape, one count of felonious assault and one count of kidnapping. On the date scheduled for trial, July 13, 1988, appellant's trial counsel agreed to the prosecutor's request for a continuance which contained a waiver of appellant's right to a speedy trial.

{¶ 2} On the date reassigned for trial, August 8, 1988, appellant's counsel moved to dismiss the charges on the grounds that appellant was denied a right to a speedy trial pursuant to R.C. 2945.71. The trial court overruled the motion on the grounds that appellant waived his rights through counsel's agreement to the continuance. Thereafter, as the result of a plea bargain, appellant entered a plea of guilty to one count of felonious assault, and all other charges were dismissed. Subsequently, the trial court permitted appellant to withdraw his guilty plea and enter a plea of no contest in order to raise the speedy trial claim on appeal. Appellant was thereafter convicted and sentenced to a term of imprisonment.

{¶ 3} Upon appeal, the court of appeals affirmed the conviction in a split decision. The majority held that the motion to dismiss was properly overruled,

since appellant, through counsel, had waived his right to a speedy trial. *State v. Dumas* (1990), 68 Ohio App.3d 174, 587 N.E.2d 932. Appellant's appeal to this court was dismissed. *State v. Dumas* (1990), 56 Ohio St.3d 712, 565 N.E.2d 835.

{¶ 4} Appellant filed an application for reopening pursuant to App. R. 26(B) before the court of appeals. Appellant alleged ineffective assistance of appellate counsel based on appellate counsel's failure to raise the issue of trial counsel's ineffectiveness. The court of appeals granted the application in April 1995, and appellant's claims were briefed and argued.

{¶ 5} In an opinion dated October 12, 1995, the court of appeals held that since a *nolle prosequi* was entered as to the other charges brought against appellant as part of a plea agreement, it cannot be said that the waiver of appellant's speedy trial right was not a sound trial strategy. This appeal followed.

_____

*Michael Miller*, Franklin County Prosecuting Attorney, and *Susan Day*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *Barbara A. Farnbacher*, Assistant Public Defender, for appellant.

_____

***Per Curiam.***

{¶ 6} We affirm the judgment of the court of appeals for the reasons stated in its opinion.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

_____