OPINION
Defendant-appellant, Glenn Brooks, appeals his conviction for gross sexual imposition and felonious sexual penetration. We affirm.
In 1994, appellant was dating Mary Dople (now Merrill). At the time, Dople lived in a trailer with her three children, Tonya, Bobbi, and Roy. Tonya and Bobbi shared one bedroom in the trailer; Roy slept in the other. Dople slept on a pull-out couch in the living room. Appellant would spend one or two nights a week at the trailer, often arriving at about 2:30 a.m. and passing out on a couch in the living room. However, on two occasions, Dople awoke to find appellant lying next to Tonya, who was sleeping on the floor in her room. Some months later, Tonya reported that appellant had sexually abused her. Tonya was examined by a pediatrician and a psychologist, both of whom found that Tonya's condition was consistent with her account of what had happened. In December 1995, appellant was charged with gross sexual imposition and felonious sexual penetration. The matter was tried before a jury in January 1997. The jury found appellant guilty as charged. Appellant was sentenced accordingly.
On appeal, appellant asserts the following assignments of error:
Assignment of Error No. 1:
 THE APPELLANT'S CONVICTION FOR GROSS SEXUAL IMPOSITION WAS CONTRARY TO LAW SINCE THE STATE DID NOT MEET ITS BURDEN OF PROOF; AND FURTHER, THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 2:
 THE APPELLANT'S CONVICTION FOR FELONIOUS SEXUAL PENETRATION WAS CONTRARY TO LAW SINCE THE STATE DID NOT MEET ITS BURDEN OF PROOF; AND FURTHER, THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY FAILING TO BRING THE DEFENDANT TO TRIAL WITHIN THE TIME PERMITTED BY R.C. 2945.71(c)(2).
In his first assignment of error, appellant challenges his conviction for gross sexual imposition, arguing that the jury's verdict was against the sufficiency and weight of the evidence. We disagree.
The role of an appellate court in reviewing the sufficiency of the evidence to support a criminal conviction is to "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
Appellant was convicted of committing gross sexual imposition in violation of R.C. 2907.05(A)(4), which states:
 (A) No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:
 (4) The other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person.
"Sexual contact" is defined in R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
At trial, Tonya testified that she and her sister normally slept in bunkbeds, but during warm weather the two girls slept on the floor because "it was cooler down on the floor." Tonya testified that when she was about ten years old, appellant would come into the girls' bedroom at night wearing only his underwear, lay down on the floor next to Tonya, and "rub all over [her] body * * * underneath [her] gown and [her] panties * * *" including her chest and buttocks. Tonya also stated that on one occasion, appellant stuck his fingers in her vagina. To escape appellant, Tonya would go into the bathroom and remain there until he left. Tonya could not specify exactly when this occurred, but knew that "[the weather] was hot".
Tonya also testified that she did not tell her mother about the touching when it happened because she "liked whenever [her] mom was happy and she was happy with [appellant] at the moment." Tonya's mother broke up with appellant and began dating a man named Skip. When Tonya's mother broke up with Skip, Tonya worried that her mother might start seeing appellant again and that "if she took him back that he would come back and he would do it again." At that point, Tonya told her mother.
Dr. Angela Pecha, a pediatrician, performed an examination on Tonya in April 1995 to look for signs of sexual abuse. Her examination was normal and revealed "no evidence of tears or lacerations or bruising * * *." In addition, Tonya's hymen was intact. Dr. Pecha explained, however, that the hymen in pre-pubital girls is "extremely elastic," and requires a "great deal of force" to tear. These findings were, in Dr. Pecha's opinion, consistent with Tonya's account of events, and the fact that Tonya's exam was normal did not rule out the possibility that she had been sexually abused.
Dr. Sherry Baker, a psychologist with training in the area of sexual abuse, examined Tonya in June 1995 by taking a verbal report, using drawings, anatomically correct dolls, and other methods. Baker's findings concerning Tonya were consistent with past sexual abuse.
Tonya's younger sister, Bobbi, testified that appellant came into the girls' bedroom and "laid down with me and [Tonya]."
Tonya's mother testified that she found appellant in the girls' bedroom twice. The second time she found him, appellant was in his underwear, "laying there beside my oldest daughter" on the floor.
For his part, appellant testified that he had been in the girls' bedroom about four or five times to give them a goodnight kiss at their request. Appellant denied lying on the floor with Tonya and stated that Tonya's mother had never found him there in his underwear. Appellant also denied ever touching Tonya except to give her a hug or a kiss goodnight.
After thoroughly reviewing the evidence presented at trial, we find that if believed and when viewed in a light most favorable to the prosecution, the evidence is sufficient to sustain appellant's conviction for gross sexual imposition. See State v. Schaim (1992), 65 Ohio St.3d 51, 56-57.
Appellant also claims that his conviction for gross sexual imposition is against the manifest weight of the evidence. The role of an appellate court in determining whether a verdict is against the weight of the evidence is as follows:
 reviewing the entire record, [the court] weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
Under these circumstances, we do not find that the evidence weighs against apellant's conviction. Tonya's account of events was supported by the testimony of other witnesses, and a rational trier of fact could certainly resolve any conflicts in the testimony in Tonya's favor. Accordingly, appellant's conviction for gross sexual imposition is not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that his conviction for felonious sexual penetration is not supported by sufficient evidence and is also against the manifest weight of the evidence.
R.C. 2907.12(A)(1)(b) (felonious sexual penetration) states that:
 (A)(1) No person, without privilege to do so, shall insert any part of the body * * * into the vaginal anal cavity of another who is not the spouse of the offender * * * when any of the following applies:
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
If believed, Tonya's testimony that appellant put his finger in her vagina when she was ten years old is sufficient to support appellant's conviction for felonious sexual penetration. In addition, based on the evidence presented in this case, the jury's verdict convicting appellant on this charge is not against the manifest weight of the evidence. The second assignment of error is overruled.
Finally, in his third assignment of error, appellant states that his right to a speedy trial was violated. Appellant appears to argue that a speedy trial waiver filed on September 26, 1996 with the trial court is invalid because it was executed by his attorney and not appellant himself.
R.C. 2945.73(B) requires that a person raising the right to a speedy trial must do so "[u]pon motion made at or prior to the commencement of trial * * *." (Emphasis added.) That is, the "speedy trial provisions are not self-executing, but, rather, must be asserted by a defendant in a timely fashion to avoid such rights being waived." State v. Dumas (1990), 68 Ohio App.3d 174,176, citing Partsch v. Haskins (1963), 175 Ohio St. 139. Here, appellant asserted his right to a speedy trial for the first time on appeal. He has, thus, waived his right to appellate review of this issue.
In any case, appellant's speedy trial claim would fail because the September 26, 1996 entry waiving appellant's right to a speedy trial is valid. Under R.C. 2945.71(C)(2), a criminal defendant charged with a felony "[s]hall be brought to trial within two hundred seventy days after his arrest." However, it is well-settled that defense counsel may waive a defendant's right to a speedy trial for purposes of trial preparation, and that the "defendant will be bound by that waiver even if it is executed without his consent." State v. McBreen (1978), 54 Ohio St.2d 315, syllabus, certiorari denied, 439 U.S. 914, 99 S.Ct. 287; State v. Vaughn (1995), 106 Ohio App.3d 775, 785-786. Accordingly, the speedy trial waiver signed by appellant's counsel is valid, and appellant's third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.