OPINION
This matter presents a timely appeal from a jury verdict and judgment rendered upon such verdict by the Mahoning County Common Pleas Court, finding defendant-appellant, Joseph Smith, Jr., guilty on two counts of rape in violation of R.C. 2907.02; one count of kidnaping in violation of R.C. 2905.01; and, two. counts of felonious sexual penetration in violation of R.C. 2907.12.
On or about January 3, 1996, appellant telephoned the victim and asked her to come to his home to pick up a gift. When the victim arrived, appellant came out of his room dressed totally in black and holding a knife, accused her of seeing someone else, jumped on her and repeatedly threatened to kill her, as he engaged in sexual acts with her. (Tr. 216, 254-55). Appellant was prepared to videotape his sexual encounter with the victim, as a video camera was set up in his bedroom to record the sexual acts he performed with her. A video tape was subsequently taken from the video camera in appellant's bedroom by the Youngstown Police Department and said tape was ultimately submitted into evidence and used against appellant at his trial.
Appellant called the Youngstown Police Department on the date in question declaring that the victim was supposed to arrive at his house and failed to do so. (Tr. 11). A police officer arrived at appellant's home and heard the victim scream for help. The police officer found the victim in the bathtub nude, with her wrists and mouth covered with duct tape. (Tr. 19). It was at this time that appellant told the police officer "I give up, I did it." (Tr. 19). Appellant was arrested and the victim was treated for her injuries at a local hospital.
On February 9, 1996, appellant was indicted by the Mahoning County Grand Jury and charged with two counts of rape, one count of kidnaping, one count of felonious assault, two counts of felonious sexual penetration and one count of aggravated robbery. Appellant was found to be indigent and was appointed defense counsel. On February 28, 1996, the trial court set the case for jury trial on March 11, 1996. On February 29, 1996, appellant filed discovery motions. On March 8, 1996 appellant filed a motion to appoint a licensed private investigator at the expense of plaintiff-appellee, State of Ohio.
By judgment entry dated March 12, 1996, the trial judge continued the case indicating that his court was engaged in another criminal trial. Consequently, the trial date in this case was reset. The record reflects that on March 19, 1996, appellant requested a continuance based upon the fact that defense counsel needed additional time in order to prepare for trial. By judgment entry dated March 19, 1996, the trial was reset to March 20, 1996. On March 20, 1996 a judgment entry was filed indicating that defense counsel was engaged in another case in the domestic relations court. Consequently, the trial was again rescheduled.
On March 20, 1996, the trial court appointed a licensed private investigator to assist in the preparation of appellant's defense. By judgment entry dated March 21, 1996, the trial was again ordered continued because defense counsel did not have enough time to prepare and complete his discovery. By judgment entry dated March 25, 1996 the trial was reset to May 6, 1996 because defense counsel had a conflict with another domestic relations case and for said reason, was unavailable for trial on March 20, 1996. On May 6, 1996, at appellant's request, the trial was continued and reset in order to give defense counsel more time to prepare. On this same date, appellant voluntarily executed a right to speedy trial.
On June 11, 1996 the case was called for jury trial. Appellant again moved for a continuance alleging newly discovered evidence. Said motion was overruled. On this same date, the trial court further conducted a hearing regarding a motion to permit defense counsel to withdraw. Said motion was granted and appellant was permitted to obtain private counsel. The trial court also granted another continuance and the case was to be reset for trial at a time convenient to all parties. Appellant's new defense counsel filed a notice of appearance on July 10, 1996. By judgment entry dated July 23, 1996, the trial court ordered that the instant case be reset. On October 2, 1996, a judgment entry was filed indicating that the within jury trial was to be scheduled for October 15, 1996, due to the trial court's engagement in a civil case. By judgment entry dated October 15, 1996, the trial court again reset the trial to October 30, 1996, due to its unavailability. On October 30, 1996, appellant filed a motion to dismiss, alleging speedy trial violations. There is no indication on the record that the trial court ruled on the motion to dismiss.
Appellant was sentenced to an indefinite incarceration term of not less than ten years nor more than twenty-five years for both counts of rape; an indefinite term of not less than ten years nor more than twenty-five years for kidnaping; and an indefinite term of not less than ten years nor more than twenty- five years for felonious sexual penetration. Said sentences were to be served concurrently.
This appeal followed.
Appellant sets forth two assignments of error on appeal. Appellant's first assignment of error alleges:
 "DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL AND THEREFORE HIS CONVICTION MUST BE OVERTURNED."
Appellant argues that his right to a speedy trial was violated because he was not tried within 90 days of his arrest and was incarcerated during such time.
R.C. 2945.71(C)(2) speaks to the time frame within which a hearing or trial must be held and provides, in pertinent part:
 "(C) A person against whom a charge of felony is pending:
* * *
 "(2) Shall be brought to trial within two hundred seventy days after his arrest.
R.C. 2945.72(E) also provides:
 "For purposes of computing time under divisions (A), (B),(C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
Appellant was arrested on January 3, 1996. The trial court originally set a date of March 11, 1996 for a jury trial on the merits, well within the statutory time for trial. Said trial was then continued to March 20, 1996 because the trial court was engaged in another criminal jury trial and because appellant had requested a continuance. Appellant did not execute a waiver of speedy trial until May 6, 1996, which was approximately 124 days after his arrest. Appellant, therefore maintains that the execution of the waiver of speedy trial was ineffective since the time had already expired prior to the execution. On October 30, 1996, prior to the date of his trial, appellant filed a motion to dismiss pursuant to R.C. 2945.73. The record reveals that said motion was not ruled upon by the trial court. When a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the trial court overruled it. State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469.
Appellant cites to State v. Terra, (1991), 74 Ohio App.3d 189, wherein the Ohio Supreme Court addressed the extension of time when a trial court, sua sponte, continues a trial. In Terra, the trial court sua sponte continued the trial twice and failed to indicate whether the court was engaged in a civil or criminal case and whether another trial judge was available to hear the case. In Terra at 195, the Ohio Supreme Court specifically stated that pursuant to Crim.R. 50 a criminal case shall be given precedence over civil matters and proceedings.
Appellant also cites to State v. Tope (1978), 53 Ohio St.2d 250,251, wherein the Ohio Supreme Court held that a defendant's failure to object to a trial date scheduled outside the statutory limitation period does not amount to acquiescence in the trial date.
The record clearly indicates that the trial court specifically stated the reason for its sua sponte continuance. By judgment entry dated March 12, 1996, the trial court stated, "Trial scheduled this day is continued for the reason that this court is presently engaged in a criminal jury trial, Case No. 95 CR 855, State of Ohio v. Charles E. Rivers. Trial date is to be reset." A trial court may extend the time for trial as long as the record demonstrates that the continuance is reasonable. State v. McRae (1978), 55 Ohio St.2d 149, 153. Said trial was reset to March 20, 1996 which certainly was within a reasonable time. Via this judgment entry, the trial court complied with Terra, supra
inasmuch as it indicated that the trial court was engaged in another criminal trial.
Upon a thorough review of the record, it is clear that appellant's counsel filed numerous motions for continuance. The trial court sua sponte continued the within case on October 2, 1996 and on October 15, 1996. Said continuances were necessary because the trial court was engaged in a civil jury trial and because the trial court was unavailable, respectively. However, said sua sponte continuances occurred after appellant executed his waiver of speedy trial.
In State v. Dumas (1990), 68 Ohio App.3d 174, the court held that defense counsel's participation in reassignment of the case and waiver of the defendant's right to speedy trial, after the time for trial had run, was effective and bound the defendant to the waiver. The Ohio Supreme Court refused to hear further appeal in State v. Dumas (1996), 75 Ohio St.3d 455. The court in Dumas, further stated in its syllabus that speedy trial provisions are not self-executing but rather, must be asserted by a defendant in a timely fashion to avoid rights being waived.
In appellant's assignment of error, he asserts both statutory and constitutional rights to a speedy trial. However, appellant only addressed the statutory claim. "The constitutional right to a speedy trial involves the interplay of the following four factors: the length of the trial delay, the reason for the delay, whether the defendant requested a speedy trial and whether he was prejudiced by the delay." State v. Branch (1983), 9 Ohio App.3d 160,162 citing Barker v. Wingo (1972), 407 U.S. 514.
Appellant failed to address the required criteria necessary to establish a constitutional violation of speedy trial rights. The record is void of any request for a speedy trial by appellant.
The record reflects that defense counsel requested several continuances based upon conflicts in his court schedule. On March 19, 1996, defense counsel filed a motion for a continuance. Defense counsel was not available for trial on the scheduled date of March 20, 1996, thereby necessitating another continuance. Again on June 11, 1996, defense counsel moved for a continuance. At this point, appellant requested leave to obtain private counsel and requested additional time for trial preparation.
In State v. O'Brien (1987), 34 Ohio St.3d 7, 9, the Ohio Supreme Court held in its syllabus:
 "Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time."
Pursuant to Dumas, supra, appellant's execution of his speedy trial waiver after the time for trial had run, effectively bound him to the waiver.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "DEFENDANT-APPELLANT WAS DENIED HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN THAT TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS ON EXTREMELY PREJUDICIAL EVIDENCE."
The benchmark for judging a claim of ineffective assistance of counsel is whether defense counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.Strickland v. Washington (1985), 466 U.S. 668. To prevail on an ineffective assistance of counsel claim, an appellant must show that defense counsel's representation fell below an objective standard of reasonableness, and that there was a reasonable probability that, but for defense counsel's unprofessional errors, the result of the proceeding would have been different, when considering the totality of the evidence that was before the trial court. Strickland, supra.
Furthermore, there is a presumption of effective assistance of counsel. State v. Bradley (1989), 42 Ohio St.3d 136. A reviewing court cannot use the benefit of the hindsight in determining whether a defendant received effective assistance of counsel.Strickland, supra.
Appellant argues that defense counsel erred by failing to file a motion to suppress and by failing to object to the video tape which was admitted into evidence against him, showing appellant and the victim engaged in sexual intercourse. Appellant avers that defense counsel's failure to object to said video tape constituted reversible error.
In Bradley, supra at 142, the Ohio Supreme Court has recognized that "* * * there are `* * * countless ways to provide effective assistance in any given case. * * * ' * * * Therefore, * * * `[j]udicial scrutiny of counsel's performance must be highly deferential. * * *' Id. In addition, `* * * a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *.'" Bradley at 144, acknowledged that tactical decisions and strategic choices must be reviewed with the strong presumption that effective legal counsel was rendered.
The United States Supreme Court in Strickland, supra at 689 strongly cautions courts when considering the issue of ineffective assistance of counsel by stating:
 "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (Citation omitted).
In State v. Wilkins (1980), 64 Ohio St.2d 382, 390, the Ohio Supreme Court further stated that effectiveness is not defined in terms of the best available practice, but rather should be viewed in terms of the choices made by defense counsel. The reasonableness of defense counsel's decisions must be assessed at the time they were made, not at the time of appeal.
It is apparent from the record that the jury reached its decision based upon all of the evidence presented to it at trial, exclusive of the video tape. The victim and a corroborating witness testified at length regarding the rape, kidnaping and felonious sexual penetration. The victim clearly identified appellant as the perpetrator. Supporting medical evidence from the hospital was also submitted. Defense counsel's failure to challenge the admissibility of the video tape in question does not rise to the level of ineffective assistance of counsel under the Strickland, supra standard.
Appellant's second assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, J. concurs.
Waite, J., concurs.
 APPROVED: ________________________________ EDWARD A. COX, PRESIDING JUDGE