Larry Darnell Black appeals from his conviction in the Common Pleas Court of Montgomery County of one count of possession of crack cocaine, 5-10 grams, in violation of R.C. 2925.11(A), after a jury trial. On July 16, 1998, Black was sentenced to two years imprisonment. He filed a notice of appeal on August 11, 1998.
In his brief, appellant presents the following three assignments of error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN, ON THE STATE'S MOTION, IT RE-OPENED, AND SUBSEQUENTLY OVERTURNED, ITS PRIOR HOLDING GRANTING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS.
 THE TRIAL COURT DENIED DEFENDANT-APPELLANT HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO A SPEEDY TRIAL.
 ASSUMING DEFENDANT-APPELLANT DID NOT WAIVE HIS RIGHT TO A SPEEDY TRIAL, DEFENDANT-APPELLANT WAS DENIED HIS DUE PROCESS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ON THE GROUNDS THAT HIS DEFENSE COUNSEL FAILED TO ASSERT HIS RIGHT TO A SPEEDY TRIAL BEFORE PROCEEDING TO TRIAL.
The facts relevant to these assignments of error are not seriously disputed and are as follows: On March 4, 1997, appellant was indicted for possession of crack cocaine, in an amount exceeding 5 grams but not more than 10 grams, in violation of R.C.2925.11(A), a felony of the third degree. Appellant was arraigned on March 6, 1997, and entered a plea of not guilty. The following day he posted bond and was released from custody. On March 13, 1997, appellant requested a continuance to March 20, 1997. On April 24, 1997, appellant filed a motion to suppress evidence of drugs seized from his vehicle by Dayton Police officers. The trial court set the motion for hearing on May 14, 1997. The State requested a continuance of the motion hearing date and the trial court granted a new hearing date of June 12, 1997. On that date appellant requested a continuance and the matter was continued to July 3, 1997, for hearing.
At the hearing, Officer James Goodwill testified that he and Officer Steve Bergman were on patrol in the city of Dayton, Montgomery County, Ohio, when they observed a vehicle that appeared to have overly tinted windows. The officers followed it and initiated a traffic stop of the vehicle. Officer Goodwill stated that as the vehicle was stopping, they saw the driver make two distinct motions where he appeared to lean forward and put his right shoulder or arm toward the front console area of the car.
Officer Goodwill testified that after the vehicle stopped, he went up to the passenger side of the vehicle and Officer Bergman approached the driver's side. The driver did not produce a driver's license or other identification when requested, but he did state that his name was Larry Black and provided his social security number. After the officers determined that he did not have a valid driver's license, they informed Black that he was under arrest for a financial responsibility suspension and no driver's license. Black was also cited for violating the window tint statute. Officer Goodwill further testified that an inventory search of the vehicle was performed because it was going to be towed and the department policy provided for the inventory of a vehicle for valuables when it was to be towed.
Goodwill stated that during the inventory search, he opened an ashtray that was slightly ajar and found a plastic bag that contained a substance that looked like crack cocaine. He did a field test on the substance and obtained a positive reaction. Officer Goodwill testified that when he continued the search, he found a substance on the front passenger seat of the car that appeared to be a piece of crack cocaine. It also tested positive for cocaine on a field test. The car was later towed.
Officer Goodwill was the only witness to testify at the motion to suppress hearing that was held on July 3, 1997. On August 12, 1997, the decision of the trial court was filed sustaining the motion to suppress. The trial court determined that the search of the vehicle was improperly conducted, relying on State v. Peagler (May 3, 1995), Montgomery App. No. 14792, unreported, and State v. Wilcoxson (July 25, 1997), Montgomery App. No. 15928, unreported, in reaching its conclusion.
The trial court's August 12, 1997 decision on the motion to suppress stated:
 "In both Peagler and Wilcoxson, the Court stated that the police department policy provides that officers are to tow vehicles only in specific limited circumstances. Peagler, (Ohio App. 2nd District, Montgomery Cty, 1995), 1995 WL 259171, at **3, Wilcoxson, C.A. 15928 (Ohio App. 2nd District, Montgomery Cty., 1997). These include when the vehicle is obstructing traffic or is illegally parked, when the vehicle is vulnerable to theft, or when the vehicle is needed for evidence processing. Wilcoxson, C.A. 15928 (Ohio App. 2nd District, Montgomery Cty, 1997). There was no evidence of any of those reasons stated at the hearing. There has been no evidence presented by the State to show why the police department policy applied in this situation to allow the Officers to decide to tow, and subsequently search, Mr. Black's vehicle. Without such evidence, the warrantless search conducted by the Officers is improper and violates the Fourth Amendment. Consequently, Defendant's motion to suppress is SUSTAINED."
After filing its decision, the court continued the case to August 21, 1997 for scheduling. On August 18, 1997, Appellant filed a motion for treatment in lieu of conviction and waived his right to a speedy trial. The State filed a motion to re-open the hearing on the motion to suppress and argued that the trial court relied on Wilcoxson in reaching its decision and that Wilcoxson
was decided by this appellate court on July 25, 1997, after the motion to suppress hearing was concluded.
At appellant's request, the trial court granted a continuance from September 25, 1997, to October 2, 1997. The re-opened motion to suppress hearing was held December 5, 1997. In an entry dated January 29, 1998, the trial court stated that since the decision in Wilcoxson was announced after the July 3, 1997 hearing, the court granted the State's motion to re-open the hearing. It was the finding of the trial court that the State had presented evidence in the reopened hearing that the officers complied with the Dayton Police Department tow policy when they searched appellant's vehicle, that the search was authorized by that policy, and that it did not violate appellant's constitutional rights. The previous order of suppression was vacated and the motion to suppress was overruled. The trial court then set a scheduling conference for February 5, 1998. On that date the case was set for trial on April 21, 1998. A jury trial commenced on April 20, 1998, concluded on April 21, 1998, and appellant was found guilty of the charge presented in the indictment.
On May 4, 1998, appellant filed a motion for judgment of acquittal under Crim.R. 29(C), which was overruled by the trial court in an entry filed June 23, 1998. At a sentencing hearing on July 16, 1998, Appellant was sentenced to two years imprisonment.
 I.
In his first assignment of error, appellant alleges that the trial court abused its discretion in re-opening and overturning its prior decision that had granted his motion to suppress. In reviewing the record, we do not find any objection by appellant to the court's re-opening the motion to suppress hearing. However, we note the following statement by appellant's counsel to the trial court prior to the start of the proceedings on December 5, 1997, which appears to be consent to re-opening the hearing on the motion to suppress: "I would like the record to reflect * * * * we are here today because of the Court's and really counsel's agreement as well to reopen the hearing for some additional testimony." Transcript of Proceedings, Dec. 5, 1997, at p. 22.
Additionally, opening up a case for the presentation of further testimony is within the sound discretion of the trial court, and the court's action in that regard will not be disturbed on appeal unless it amounted to an abuse of discretion. Columbusv. Grant (1981), 1 Ohio App.3d 96, 97; State v. Callihan (1992),80 Ohio App.3d 184, 195. Abuse of discretion is defined inBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, as "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." A reviewing court is not free to substitute its judgment for that of the trial court in applying the abuse of discretion standard, but must apply a presumption that the findings of the trial court are correct. Focke v. Focke (1992), 83 Ohio App.3d 552, 555.
At the July 3, 1997 hearing, the State failed to present sufficient evidence that the police officers conducted the inventory search pursuant to a standardized, routine policy. Within one week after the trial court's decision, in which the court indicated reliance on a case decided after the hearing, the State requested that the hearing be re-opened. We find that the trial court's action in re-opening the hearing was in the interest of justice and within its discretion. Therefore, we overrule appellant's first assignment of error.
 II.
Appellant's second assignment of error contends that he was denied his constitutional and statutory right to a speedy trial. Speedy trial provisions of the Ohio Revised Code are not self-executing and must be asserted in a timely manner to avoid waiving such rights. State v. Dumas (1990), 68 Ohio App.3d 174,176; State v. Trummer (1996), 114 Ohio App.3d 456, 470. R.C.2945.73(B) specifically provides that: "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Therefore, we find that appellant's failure to raise the issue of speedy trial in the trial court precludes his ability to assert that right on the appellate level. Accordingly, we overrule appellant's second assignment of error.
 III.
In his third assignment of error, appellant argues that, assuming that he did not waive his right to a speedy trial, he was denied the right to effective counsel on the grounds that his counsel failed to assert his right to a speedy trial before proceeding to trial.
Counsel's performance will not be deemed ineffective unless and until defendant can show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defendant so as to deprive him of a fair trial.Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley
(1989), 42 Ohio St.3d 136.
Pursuant to the second prong of the Strickland test, we note that appellant's brief contains the argument that "* * * * if his defense counsel had asserted such right, Defendant-Appellant's case would have been more than likely dismissed." Brief of Appellant, at p. 20. A careful review of the record, to the extent possible since the failure to raise the speedy trial issue in the trial court presents obvious challenges in that regard, does not reveal that such a result was likely or inevitable so as to have deprived appellant of a fair trial. Additionally, appellant has failed to show that counsel's performance was deficient as required by the first prong of Strickland. In short, even if we were to consider the speedy trial argument in the absence of a timely presentation and waiver in the trial court, we would conclude that appellant's right to a speedy trial was not violated because the alleged "delay" in bringing appellant to trial was not unreasonable since we find that the times attributable to the hearings and decisions on the motion to suppress were not chargeable to the State. We, therefore, find that appellant was not denied the right to effective counsel. Appellant's third assignment of error is overruled.
The judgment of the trial court is AFFIRMED.
BROGAN, J. and YOUNG, J., concur.
(Hon. George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Andrew T. French
Barry S. Galen
Hon. PATRICK J. FOLEY