JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the record from the lower court, the briefs and the oral arguments of counsel.
Defendant-appellant Olekdandr Sadovskiy appeals from his conviction after a jury trial of driving under the influence of alcohol.
Appellant challenges his conviction and sentence on the basis the state failed to timely bring him to trial. Appellant asserts the record fails to reflect he waived his right to a speedy trial. Appellant further asserts the trial court erred in failing to file journal entries specifically stating its rulings on appellant's various motions.
This court has examined the record, finds appellant has waived his right to a speedy trial, and finds the trial court's actions were not improper. Appellant's conviction and sentence, therefore, are affirmed.
On May 3, 1999 appellant was arrested after driving his vehicle into a tree. Appellant's blood alcohol level measured .10; the passenger in his vehicle was killed in the impact.
On May 26, 1999 appellant was indicted on two counts as follows: (1) aggravated vehicular homicide, R.C. 2903.06, with a specification that appellant had been driving under the influence of alcohol; and (2) driving under the influence of alcohol, R.C.4511.19.
On June 10, 1999 appellant was arraigned on the charges. He entered a plea of not guilty to the indictment and retained counsel to represent him.
On June 18, 1999 the trial court conducted a pretrial in appellant's case. At that time, the case was "continued to July 21, 1999 at 9:30 a.m. at the defendant's request." Subsequently, appellant filed his motions for discovery.
On July 21, 1999 the trial court conducted the second pretrial hearing. At that time, the case "was continued to August 2, 1999" and trial was set for August 16, 1999.
On August 2, 1999 the trial court noted the case was "continued to August 9, 1999 at 9:00 a.m. at [the] request of defendant. Trial continued to September 7, 1999 at 10:00 a.m."[1]
On August 9, 1999 the trial court issued a separate journal entry, again stating the trial date as September 7, 1999. Thereafter, the state filed its formal responses to appellant's discovery requests.
On September 1, 1999 appellant filed a motion to suppress evidence. Appellant sought to prohibit the state from introducing the results of all of his sobriety tests at trial. He requested an oral hearing on his motion.
On September 7, 1999 appellant's case proceeded to a jury trial. The trial court held a hearing on appellant's motion to suppress prior to the commencement of the trial. On September 13, 1999 the jury ultimately rendered its verdict, finding appellant not guilty of either the first count of the indictment or its lesser included offense but guilty of count two, driving under the influence of alcohol. In its journal entry filed September 20, 1999, the trial court immediately sentenced appellant to a six-month term of incarceration.
On September 24, 1999 the trial court held a hearing, stating it had "just been presented a petition for writ of habeas corpus" by appellant. Appellant's counsel argued for the first time that he "was not tried within ninety days" as required by R.C.2945.71(B).
The trial court considered the matter, reviewed, its journal entries, and determined the state had complied with the statutory time requirements. The trial court therefore dismissed appellant's petition.[2]
On October 1, 1999 appellant filed a motion in the trial court to "vacate" his conviction, asserting in writing his argument the state had not complied with the statutory time requirements for bringing him to trial.
On October 12, 1999 appellant also filed a motion to "complete the record," requesting the trial court, inter alia, to issue formal journal entries with regard to its rulings on his motion for a writ of habeas corpus and his motion to vacate sentence.
On October 15, 1999 appellant filed his notice of appeal in this court. This court subsequently granted appellant's motion for stay of execution of his sentence pending the outcome of his appeal.
Appellant's first two assignments of error are related; in them, he argues his conviction and sentence are improper since the state did not timely bring him to trial and since the record contains no written waiver of his right to a speedy trial. Appellant's argument is unpersuasive.
Although R.C. 2945.73(B) requires the trial court to discharge a defendant if he is not brought to trial within the time requirements set forth in R.C. 2945.71 and 2945.72, the defendant must "assert" his right by motion. Partsch v. Haskins (1963),175 Ohio St. 139; State v. Bonarrigo (1980), 62 Ohio St.2d 7 at 9-10. Thus, the statute is not self-executing. State v. Dumas (1990),68 Ohio App.3d 174.
A defendant is required pursuant to R.C. 2945.73(B) to make his motion to dismiss "at or prior to the commencement of trial"; otherwise, he has waived his right to a speedy trial. State v.Trummer (1996), 114 Ohio App.3d 456; State v. Thompson (1994),97 Ohio App.3d 183; State v. Dumas, supra; see, also, State v. Brown
(1992), 64 Ohio St.3d 476; cf., State v. Hughes (1999), 86 Ohio St.3d 424; State v. King (1994), 70 Ohio St.3d 158.
The record reflects appellant raised the issue of the state's compliance with the requirements of R.C. 2945.71(B) only after he had been convicted and sentenced; therefore, since appellant did not timely assert his right, he waived his right to a speedy trial.[3] His first two assignments of error, accordingly, are overruled.
Appellant's third assignment of error challenges the trial court's failure to issue journal entries regarding his various motions. However, it has long been presumed that in a case in which the trial court fails to rule upon a motion filed before final judgment, the trial court has overruled the motion. Stateex rel. The V Companies v. Marshall (1998), 81 Ohio St.3d 467 at 469; State v. Whaley (Mar. 25, 1997), Jackson App. No. 96CA779, unreported. Moreover, appellant's motions made in the trial court after his final judgment of conviction and sentence were nullities. See, e.g., State v. Williams (1993), 86 Ohio App.3d 37.
Accordingly, appellant's third assignment of error also is overruled.
Appellant's conviction and sentence are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. and ANNE L. KILBANE, J. CONCUR.
 ________________ JUDGE KENNETH A. ROCCO
[1] This information is set forth in a nunc pro tunc entry filed by the trial court on September 27, 1999. 
[2] Following appellant's filing of a petition for writ of habeas corpus in this court on September 28, 1999, this court did likewise.
[3] Even if this court were to ignore appellant's failure to assert his right, in view of the ten days of continuances requested by appellant, appellant was brought to trial within eighty-seven days of his arrest. Thus, the requirements of R.C.2945.71 and R.C. 2945.72 were met. State v. Brown (1992),64 Ohio St.3d 476.