OPINION
{¶ 1} Appellant State of Ohio appeals the decision of the Morgan County Court of Common Pleas that granted Appellee Maria Holsinger Blessing's motion to dismiss based upon a violation of her right to a speedy trial. The following facts give rise to this appeal.
 {¶ 2} On September 6, 2001, the Morgan County Sheriff's Department arrested appellee and her co-defendant, Michael Ferryman, following an incident wherein they barricaded themselves and discharged firearms and shouted threats in the direction of law enforcement officials. On September 19, 2001, the Morgan County Grand Jury indicted appellee on four counts of felonious assault. Each count also contained a firearm specification.
 {¶ 3} Based upon information the state received during its investigation, the state believed appellee was mentally ill and therefore, may not be competent to stand trial or enter plea negotiations. Pursuant to this belief, the state filed a suggestion of appellee's incompetence with a request for a competency determination and request for continuance of the trial. Following a hearing on the state's request, the trial court granted the state's motion and ordered appellee to undergo a competency evaluation. On November 20, 2001, the trial court tolled the statutory speedy trial provisions.
 {¶ 4} On January 15, 2002, the trial court conducted a status conference after receiving appellee's competency evaluation. The trial court reviewed the report, which indicated appellee suffered from a mental illness, however, was never incompetent to stand trial. The trial court scheduled a final competency hearing for January 24, 2002. The trial court also scheduled appellee's trial for February 5, 2002.
 {¶ 5} Following appellee's status conference, on January 22, 2002, the trial court conducted a competency hearing for appellee's co-defendant, Michael Ferryman. The report indicated Ferryman was mentally ill and not competent to stand trial. Appellee's attorney was present at Ferryman's hearing and informed the trial court that appellee wished to subpoena Ferryman as a witness but was uncertain whether Ferryman could be a witness if he was not competent to stand trial. Accordingly, appellee's attorney requested a second evaluation of Ferryman. Pursuant to this request, appellee executed a speedy trial waiver which stated:
 {¶ 6} "The Defendant herein knowingly and voluntarily waives any and all rights to trial being had within the time limitation under the constitution (sic) of the United States, the Constitution of Ohio, the Ohio Revised Code and the Ohio Rules of Criminal Procedure, so long as the issue of the competency of co-defendant Michael Ferryman is pending before this Court." The waiver is dated January 22, 2002, and signed by appellee and her attorney. The waiver was filed on this same date. On January 28, 2002, the trial court filed a judgment entry specifically granting appellee's request for a second competency evaluation of Ferryman.
 {¶ 7} The trial court conducted a second competency hearing concerning Ferryman on February 26, 2002. This evaluation also found Ferryman to be mentally ill and incompetent to stand trial. However, the report found Ferryman to be restorable to competency within one year. Pursuant to this report, the trial court found Ferryman incompetent to stand trial, but restorable within one year. The trial court ordered Ferryman transported to a mental health facility, in Columbus, to undergo competency restoration.
 {¶ 8} On April 8, 2002, appellee filed a motion to dismiss the indictment on the basis that each count of the indictment fails to describe the alleged victims. On April 10, 2002, appellee's counsel filed a motion to withdraw as counsel and to appoint new counsel. The trial court granted counsel's motion to withdraw and continued the trial date until June 25, 2002. The trial court also expressly tolled the speedy trial provisions based upon appellee's motion and the agreement of counsel.
 {¶ 9} On April 16, 2002, the state filed a new indictment against appellee. The new indictment amended the first indictment and reduced the number of counts of felonious assault from four to two. Each count contained a firearm specification. Thereafter, the state filed a nolle prosequi on May 3, 2002, as to the first indictment. The trial court arraigned appellee on the new indictment on April 17, 2002. On June 18, 2002, appellee filed a motion to continue the trial date of June 25, 2002, a suggestion of incompetency and a plea of not guilty by reason of insanity. Appellee also requested a competency evaluation.
 {¶ 10} On July 10, 2002, the trial court granted appellee's motion to continue the trial date until October 22, 2002. The trial court also ordered appellee to undergo a competency evaluation. The trial court scheduled a competency hearing for October 7, 2002. Further, the trial court tolled the speedy trial provisions until October 22, 2002. Thereafter, pursuant to the competency report, the trial court found appellee competent to stand trial. The trial court ordered the trial to commence on October 22, 2002.
 {¶ 11} On October 17, 2002, appellee filed a motion for a change of venue. On October 18, 2002, appellee filed a motion to dismiss based upon a violation of her right to a speedy trial. The trial court conducted a hearing on appellee's motion on October 21, 2002. On November 18, 2002, the trial court filed a judgment entry granting appellee's motion to dismiss finding the state violated her right to a speedy trial.
 {¶ 12} The state timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 13} "I. The trial court erred and/or abused its discretion by granting appellee's motion to dismiss the indictment for an alleged speedy trial violation."
 I {¶ 14} In its sole assignment of error, the state maintains the trial court erred when it granted appellee's motion to dismiss based upon a violation of her right to a speedy trial. We disagree.
 {¶ 15} Under R.C. 2945.71(C)(2), the state is required to bring a defendant to trial on felony charges within 270 days of arrest. Under R.C. 2945.71(E), each day the defendant is held in jail in lieu of bail counts as three days in computing this time. The time may be tolled by certain events delineated in R.C. 2945.72(E) and (H), including continuances granted as a result of defense motions and any reasonable continuance granted other than upon the request of the accused.
 {¶ 16} An accused is also guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by statute governing time within which hearing or trial must be held. State v. Pacheco, Stark App. No. 2001 CA 00294, 2002-Ohio-3602, at ¶ 18, citing Oregon v. Kohne (1997),117 Ohio App.3d 179, 180.
 {¶ 17} In the case sub judice, the state contends the trial court erred when it granted appellee's motion to dismiss because the waiver executed by appellee, on January 22, 2002, was still in effect until February 7, 2003, when the trial court determined Ferryman was competent to stand trial. In support of this argument, the state claims appellee requested a continuance until "the issue of Michael Ferryman's competence to stand trial and/or be a witness had been determined by the trial court." See appellant's brief at 7.
 {¶ 18} The state also relies upon the case of State v. Dumas
(1990), 68 Ohio App.3d 174. In Dumas, counsel for defendant agreed to a trial date one hundred sixteen days after the defendant's arrest, which violated the defendant's right to a speedy trial under R.C. 2945.71. Id. at 175. Thereafter, the prosecutor requested a continuance of the trial date and counsel for the defendant concurred in the continuance. Id. Counsel for defendant executed a speedy trial waiver, on behalf of his client, after the expiration of the defendant's right to a speedy trial. Id. The defendant, prior to executing the waiver, did not complain that he was not being afforded a speedy trial. Id. The continuance contained a new trial date. Id. However, on the date set for trial, the defendant moved to dismiss the charges against him on the grounds of denial of a speedy trial. Id. at 176. The trial court denied the defendant's motion. Id. Thereafter, the defendant entered a plea of no contest and appealed this matter to the Franklin County Court of Appeals. Id.
 {¶ 19} The court of appeals affirmed the trial court's decision to deny the defendant's motion to dismiss. The court found R.C. 2945.73(B) central to the question under examination. Id. This statute provides:
 {¶ 20} "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."
 {¶ 21} The court concluded, based upon the above cited statute, that "* * * the speedy trial provisions are not self-executing, but, rather, must be asserted by a defendant in a timely fashion to avoid such rights being waived. Partsch v. Haskins (1963), 175 Ohio St. 139, 23 O.O.2d 419, 191 N.E.2d 922, * * *." Id. The court concluded the defendant waived his right to a speedy trial by not asserting the right prior to executing the waiver. Id. Thus, the court held as follows:
 {¶ 22} "Where, as here, the record indicates that the appellant's [defendant's] attorney participated in the reassignment and in the waiving of appellant's rights to a speedy trial, after the time for trial had run, the court is of the opinion that the cases of State v. McRae
(1978), 55 Ohio St.2d 149, 9 O.O.3d 118, 378 N.E.2d 476, and State v.Davis (1976), 46 Ohio St.2d 444, 75 O.O.2d 498, 349 N.E.2d 315, are controlling and require that the trial court's decision in overruling the appellant's motion to dismiss on grounds of failure to provide a speedy trial be found to be correct and should be upheld." Id. at 177.[1]
 {¶ 23} In State v. Davis, supra, the Ohio Supreme Court held:
 {¶ 24} "Under the provisions of R.C. 2945.71 through 2945.73, a trial court has discretion to extend the time limit for trial prescribed therein, and, where the trial court dismisses an indictment and discharges an accused on the basis that it lacks discretion to consider an extension, upon appeal thereof the cause will be remanded to the trial court for an exercise of that court's discretion." Id. at syllabus.
 {¶ 25} In State v. McRae, supra, which is a per curiam opinion from the Ohio Supreme Court, the Court stated:
 {¶ 26} "When a trial date is set beyond the time limits of R.C.2945.71 and the accused does not acquiesce in that date but merely fails to object to that date, the trial court's action does not constitute a continuance pursuant to R.C. 2945.72(H). * * * However, the trial court has the discretion to extend the time limits of R.C. 2945.71 where counsel for the accused voluntarily agrees to a trial date beyond the statutory time limits. * * * Moreover, the trial court's exercise of that discretion constitutes a `"continuance granted other than upon the accused's own motion" under the second clause of R.C. 2945.72(H),' * * * and, as long as that continuance is reasonable, it extends the time limits of R.C. 2945.71 and does not deny an accused the right to a speedy trial. McRae at 152-153.
 {¶ 27} In the case sub judice, appellee and defense counsel signed the waiver at issue on February 22, 2002. Appellee argues and the trial court agreed, that based upon the language of the waiver, it terminated on February 26, 2002, when the trial court found Ferryman to be incompetent but restorable to competency within one year. Once this waiver terminated, according to appellee's calculations, the state had until March 14, 2002, within which to bring this matter to trial. However, this matter did not proceed to trial within that time period and appellee did not file a motion to dismiss based upon a violation of her right to a speedy trial.
 {¶ 28} On April 8, 2002, appellee filed a motion to dismiss the indictment. Such motion tolls the time within which the defendant must be brought to trial under R.C. 2945.71. See State v. Bunyan (1988),51 Ohio App.3d 190, 193; State v. Bickerstaff (1984), 10 Ohio St.3d 62,67. Two days later, on April 10, 2002, appellee's counsel moved to withdraw and requested the trial court to appoint new counsel to represent appellee. This motion also tolled the time period within which appellee had to be brought to trial. See State v. Powell, Guernsey App. No. 01CA28, at 2, 2002-Ohio-1125. The trial court granted appellee's counsel's motion to withdraw and continued the trial date until June 25, 2002, in order to give new counsel time to prepare for trial.
 {¶ 29} On June 18, 2002, counsel for appellee requested a continuance of the trial date set for June 25, 2002. On this same date, appellee also filed a suggestion of incompetence and a not guilty by reason of insanity plea, in which she requested a sanity evaluation. These motions tolled the running of the speedy trial provisions. SeeState v. Palmer, 84 Ohio St.3d 103, 1998-Ohio-507, paragraph one of the syllabus; State v. Smith (1981), 3 Ohio App.3d 115, 117. The trial court granted appellee's request to continue the trial and rescheduled it for October 22, 2002. The trial court also ordered appellee to undergo a competency evaluation and set a hearing, on this matter, for October 7, 2002. The trial court tolled the speedy trial requirements until October 22, 2002. The trial court found appellee competent to stand trial on October 7, 2002.
 {¶ 30} However, prior to the commencement of trial, on October 17, 2002, appellee filed a motion for change of venue. On October 18, 2002, appellee filed a motion to dismiss based upon a violation of her right to a speedy trial. Although both of these motions would toll the running of the time period within which appellee had to be brought to trial, this matter was already tolled pursuant to the trial court's judgment entry tolling this matter until October 22, 2002.
 {¶ 31} Based upon the above dates, we conclude the trial court did not err when it granted appellee's motion to dismiss. Although appellee could have requested the trial court to dismiss this matter between March 15, 2002 and April 7, 2002, her failure to do so does not negate the fact that a speedy trial violation occurred.
 {¶ 32} Nor do we agree with the Tenth District Court of Appeals' decision, in the Dumas case, that a defendant may waive his or her right to a speedy trial by not timely asserting said right. Instead, we find that once a speedy trial violation occurs, the violation is not negated by the subsequent filing of a motion or request for a continuance which tolls the time period under the speedy trial statute.
 {¶ 33} Further, we find the Dumas decision distinguishable from the case sub judice because Dumas involved the execution of a time waiver, which tolled the speedy trial provisions. In the matter currently before the court, appellee did not execute a time waiver. Rather, the time under the speedy trial statute was tolled as a result of various motions filed by appellee and her request for a continuance.
 {¶ 34} Therefore, we conclude that once the speedy trial violation occurred in March 2002, appellee could seek a dismissal, at any time prior to the commencement of trial, due to a violation of her right to a speedy trial even though she subsequently took action that tolled the running of the speedy trial statute.
 {¶ 35} Appellant's sole assignment of error is overruled.
 {¶ 36} For the foregoing reasons, the judgment of the Court of Common Pleas, Morgan County, Ohio, is hereby affirmed.
Judgment affirmed.
Boggins, J., concurs.
Hoffman, P.J., concurs separately.
[1] The court also concluded, in Dumas, that defense counsel has the power to waive a defendant's right to a speedy trial and the defendant is bound by such waiver. Dumas at 176-177.